REUBEN T. BUFFINGTON, plaintiff in error, *vs.* JAMES M. SMITH, governor, defendant in error.

The state cannot legally forfeit the bond of the surety for the appearance of a defendant when she has the defendant in her own custody

in the penitentiary, under sentence from one of her courts.   She has
the power to try him whenever she pleases for crime committed
within the jurisdiction of another of her courts.   It does not alter
the principle at all if the bail agreed in writing to pay the bond at
the next term if the principal did not appear, and thereby obtained
a continuance of the *scire facias.*   The question still remains, can
the state legally forfeit the bond of the surety for not producing his
principal, when she, at the very time, has that principal in her own
custody?

Criminal Law.   Bail.   Before Judge POTTLE.   Hart
Superior Court.   September Term, 1876.

Reported in the opinion.

ROBERT HESTER, for plaintiff in error.

SAMUEL LUMPKIN, solicitor general, for defendant.

JACKSON, Judge.

Buffington stood Earle's security to appear at Hart supe-
rior court.   Earle failed to appear.   Thereupon the solicitor
general proceeded by *scire facias* against Buffington.   At
the regular trial term, Buffington was not ready for trial,
and had no legal ground for continuance.   Thereupon the
solicitor general granted him a continuance on the terms, in
writing, that if Earle did not appear at the next term, Buf-
fington would pay the bond.   At the next term Earle did
not appear; but Buffington set up the defense that Earle
had been indicted in White superior court for a penitentiary
offense, convicted and sentenced, and was then in the peni-
tentiary.   The court held that the plea was insufficient, and
forfeited the bond.   Buffington excepted, and the case is
before us for review.

We think that the court erred.   The state had Earle in
her own custody—in the penitentiary—just as securely con-
fined as if she held him in jail in Hart county.   She had,
and now has, nothing to do but to bring him out and try
him whenever she pleases to do so.   If found guilty, she can

sentence him for another term, to begin when this White county sentence expires. It would be strange, indeed, if she forfeited a bond for his not appearing, when she had him in the jail in Hart county, and the penitentiary is her great jail, convenient to Hart as to all the rest of the state.

Judgment reversed.