## 65078. SUNRISE BONDING COMPANY et al. v. BUSBEE.

BIRDSONG, Judge.

Bail Bond—Discharge of Surety. Sunrise Bonding Co. on June 16, 1981, entered upon the bond of one Willie Jackson in the Superior Court of Bibb County in the amount of $10,000 for the offense of burglary. Jackson was to appear in court on October 19, 1981 to answer to the charge. After the case was called, Jackson did not appear and on that same date, October 19, 1981, the bond was ordered forfeited. On November 19, 1981, Sunrise Bonding Co. and Jackson were ordered to appear on December 14, 1981, to show cause why final judgment on the bond forfeiture should not be entered. It is patent by its absence on the face of the order that no time was indicated. At about 9:00 a.m. December 14, the forfeiture action was called and neither Jackson nor the surety appeared. Final judgment against Jackson and Sunrise was then entered. At 9:30 a.m. a representative of Sunrise Bonding appeared, apparently prepared to pay all costs up to that point and to offer evidence that Jackson was then and had been incarcerated by the State of Georgia in Muscogee County since December 2, 1981, for an unrelated crime. The trial court refused to reconsider the final judgment entered about 30 minutes earlier.

On May 28, 1982, the trial court denied a motion to set aside the judgment of December 14, 1981. It further appears by stipulation of facts that the state admitted Jackson was incarcerated in Muscogee County as of December 2, 1981, and it was aware of a report by the surety prior to the December 14, 1981, forfeiture proceedings that Jackson was reputedly incarcerated in Muscogee on a state charge. The assistant district attorney also had received reports from "the street" that Jackson was incarcerated in Muscogee. However, the assistant district attorney did not consider these reports to be founded in reliable fact. Lastly, the record reflects that Jackson ultimately was surrendered to Bibb County, tried upon his plea of guilty and sentenced for the burglary and car theft for which Jackson originally had been on bail. Sunrise Bonding Co. now brings this appeal urging error in the denial of its motion to set aside the judgment of December 14, 1981. *Held:*

The fundamental rules for determining when a judgment is void on its face are still valid. Thus a judgment is void on its face where there is a non-amendable defect appearing on the face of the pleadings which is not cured by the verdict or judgment and the pleadings affirmatively show that no legal claim in fact existed. *Wasden v. Rusco Industries,* 233 Ga. 439, 443 (2) (211 SE2d 733). At the time the court ordered the forfeiture on the bond on October 19, 1981, Jackson was not present nor did the surety know his

whereabouts. When final judgment was entered on December 14, 1981, no credible evidence had been presented which would nullify the effect of the bond nor prevent judgment being entered thereon. Thus there was nothing presented to the trial court nor on the face of the pleadings that would put the court on notice that the surety could deliver the principal or that the pleadings did not warrant the entry of final judgment. We can find no error in the denial of the motion to set aside the judgment.

However, this does not end our inquiry. When the principal in a criminal recognizance, conditioned for his appearance to answer a specific criminal charge therein designated, is thereafter arrested before judgment is executed on the bond for an entirely different crime and remains in the custody of the state, the sureties on the bond are released. This release arises from the sureties' inability to produce their principal to answer the charge caused by the state assuming custody of their principal to which they were theretofore entitled. *Cooper v. Brown,* 10 Ga. App. 730 (73 SE 1101). This reasoning finds its genesis in the case of *Buffington v. Smith,* 58 Ga. 341. Paraphrasing and adapting the language of that case to the present, the court said: "The state had [Jackson] in her own custody . . . just as securely confined as if she held him in jail in [Bibb] county. She had, and now has, nothing to do but to bring him out and try him whenever she pleases to do so. . . . It would be strange, indeed, if she forfeited a bond for his not appearing, when she had him in the jail in [Bibb] county, and the [Muscogee County jail is as] convenient to [Bibb] as to all the rest of the state." *Buffington v. Smith,* supra, p. 343.

The state and Sunrise each contrarily argue that Code Ann. Ch. 110-3 or Code Ann. Ch. 27-9, respectively, are applicable. Regardless of which chapter we apply, it seems clear that once the state has resumed absolute custody of the principal or the principal has been surrendered, tried and convicted and that all costs have been paid, the surety is entitled to be discharged from liability. See *West v. Colquitt,* 71 Ga. 559, 562; *Benson v. Harris,* 19 Ga. App. 328, 329 (91 SE 491). There seems to be little doubt that Jackson has been delivered and costs paid, and he has been tried and convicted by Bibb County on the burglary charge, or that he was indeed incarcerated by Muscogee County prior to the expiration of 60 days from the date the bond was ordered forfeited and before the judgment on the bond was entered.

Nevertheless, we cannot afford the relief sought on appeal. It is true the statutes involved are mandatory and require the trial court to relieve the surety from liability. The motion offered by Sunrise Bonding, however, does not seek an order from the trial court

relieving the surety from liability, but seeks to have the final judgment set aside. The motion in the case must be tested by whether the allegations in the pleadings are sufficient to entitle the movant to the relief for which prayer was made. There was no credible evidence before the trial court to satisfy the requirements of either Ch. 110-3 or Ch. 27-9; nor do the pleadings show that forfeiture and final judgment on the bond were inappropriate. The motion to set aside the judgment being the only relief sought, the trial court did not err in denying that relief. *Fields v. Arnall,* 199 Ga. 491, 495 (34 SE2d 692). We reach no conclusions relative to an appropriate plea for discharge from liability.

Judgment affirmed. *McMurray, P. J., and Banke, J., concur.*

DECIDED JANUARY 10, 1983.

*F. Bradford Wilson, Jr.,* for appellants.
*Willis B. Sparks III, District Attorney, Graham A. Thorpe, Thomas J. Matthews, Assistant District Attorneys,* for appellee.