### 72799. ACE BONDING COMPANY v. THE STATE.
(349 SE2d 15)

BEASLEY, Judge.

Ace Bonding Company appeals from the overruling and dismissal of its motion to set aside judgments of final forfeiture on four bonds.

On September 19, 1984, appellant bound itself as surety on four appearance bonds for defendant/principal Jakobitz, who failed to appear for his scheduled arraignment on November 9. The trial court signed a bench warrant for defendant on November 30. A show cause hearing as to why the bonds should not be forfeited was set for August 2, 1985, nearly nine months after the arraignment date. On August 1 the surety filed a motion to dismiss the show cause order, claiming only that "the bonds have not been forfeited in the proper manner" and that it had "not been given the necessary period of time as required by Georgia law prior to attempting to take a final forfeiture. . . ." It was not dismissed and the hearing was held with the bonding company present.

Orders of final forfeiture issued on August 5. At that time the defendant/principal was serving in the military, in Germany. After he returned to the United States the bondsman surrendered him to the authorities on September 4. Defendant entered pleas of guilty to two of the offenses charged and was sentenced.

1. The bondsman's primary contention is that it was not provided adequate notice of the final forfeiture hearing on August 2 in violation of elementary due process. The basic argument is that under OCGA § 17-6-71, ninety days *notice* of the hearing was required.

OCGA § 17-6-71 (a) provides: "The judge shall upon the failure to appear order an execution hearing for a date not later than 90 days after the failure to appear. . . . Notice of the hearing shall be mailed by first-class mail by the clerk of court to the principal and to each surety at the addresses given on the bond."

The clear language of the statute undermines the bondsman's argument. The statutory ninety-day time frame plainly refers to the minimum time period after the failure to appear which must elapse prior to the hearing. The apparent purpose is to give the surety three

months to locate the defendant so as to avoid forfeiture. The trial court not only complied with the ninety-day time period, but gave the surety more than nine months after defendant's non-appearance in which to surrender him or show other reason which would prevent forfeiture.

There is nothing in the record to suggest that the bondsman's due process rights were violated by *not* receiving notice of the hearing. In fact, the surety's August 1 motion to dismiss the show cause order on its face reveals that there had been notice of the August 2 hearing. Nor is there any evidence that the clerk failed to send notice in the express manner required by OCGA § 17-6-71 (a).

The record shows "sufficient notice and compliance with the statutory forfeiture proceedings. Moreover, there is a presumption that a trial judge, acting as a public official, faithfully and lawfully performed the duties devolving upon him [cit.] and in the absence of a showing in the record that notice and opportunity for hearing was denied to appellant, we will presume that the trial court fully complied with the law. [Cit.]" *Ace Bonding Co. v. State*, 152 Ga. App. 477, 479 (263 SE2d 256) (1979).

Appellant also seems to make the inconsistent argument that the forfeiture hearing was set for a date too long after the defendant's failure to appear. Particularly in light of appellant's argument of inadequate notice we fail to discern how the surety could claim harm from the reprieve afforded by the court.

The statute instructs the judge to set the hearing date as soon after the ninety-day period "as the case may be heard." The failure to follow the legislated directive to conclude the matter quickly after the three-month abeyance is observed does not excuse the surety from its obligation. In fact, a delay longer than public policy requires aids, rather than harms, the surety who must produce or pay. The statutory leeway given the court is principally a case management provision, not a right of a party. " 'Discretion in regulating and controlling the business of the court is necessarily confided to the judge . . .' " *Simpkins v. State*, 149 Ga. App. 763, 769 (4) (256 SE2d 63) (1979). This "power to control the proceeding of the court is subject to the proviso that in so doing a judge does not take away or abridge any right of a party under the law. [Cit.]" *State v. Colquitt*, 147 Ga. App. 627, 629 (249 SE2d 680) (1978). No right of appellant's was violated by the nine-month delay in rendering it liable to the state.

2. Lastly, the fact that the principal was eventually surrendered by the bondsman would not mandate a setting aside of the bond forfeitures. To begin with there is no evidence that the bondsman, prior to forfeiture, had knowledge that the principal was stationed outside the country or when and if he would return for surrender. If the surety did know the principal's whereabouts, it did not bring these

facts before the trial court prior to the forfeitures. Indeed, the surety's motion to dismiss the show cause order made no mention of the principal's circumstances at that time. The ultimate surrender of the principal would not affect the fact that at the time of final forfeitures, "no credible evidence had been presented which would nullify the effect[s] of the bond[s] nor prevent judgment being entered thereon." *Sunrise Bonding Co. v. Busbee*, 165 Ga. App. 83, 84 (299 SE2d 153) (1983).

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 10, 1986.

*James A. Elkins, Jr.*, for appellant.

*William J. Smith, District Attorney, Tasca Badcock, Assistant District Attorney*, for appellee.