effect of releasing one of several contractually liable joint obligors and that of releasing one of several joint tortfeasors. In *Posey v. Med. Center-West*, 257 Ga. 55 (354 SE2d 417) (1987), the Supreme Court traced the common law origin of the rule that release of one joint tortfeasor releases all, then held that the rule would no longer be followed in Georgia. The essential difference between *Posey* and the present case is that *Posey* dealt with a common law rule, susceptible to alteration by the courts, while we are dealing with a statutory rule, susceptible to alteration only by the General Assembly. If the legislature were to repeal OCGA § 13-4-80, the anomalous treatment of different classes of defendants (the contractually obligated versus those liable in tort) would be eliminated. Justice would be the beneficiary of that change.

I am authorized to state that Presiding Judge Deen joins in this opinion.

DECIDED JUNE 19, 1989 —
REHEARING DENIED JULY 10, 1989 — ▐▌

*Ronald J. Doeve, James E. Tramel III*, for appellant.
*Zoe M. Hicks*, for appellees.

A89A0727, A89A0728, A89A0729, A89A0730. KWIK BOND v. STATE OF GEORGIA (four cases).
(384 SE2d 207)

CARLEY, Chief Judge.

In each of these four cases, appellant-surety executed a bond on behalf of a criminal defendant. The bonds gave notice of the specific dates and times that appellant's principals would be arraigned but also required that they appear for arraignment from day-to-day and from term-to-term thereafter. Appellant's principals did not appear for their originally scheduled arraignments. The trial court reset the arraignments for several months later. Notice of the rescheduled arraignment dates was received by appellant but its principals again failed to appear. After conducting a hearing as to bond forfeiture, the trial court entered final judgments against appellant. It is from those judgments that appellant brings these appeals. Because the facts and the legal issues are identical, the four cases have been consolidated for disposition in this single opinion.

Appellant enumerates the judgments as erroneous because they are contrary to law. Appellant urges that the State, having failed to proceed upon the principals' *initial* failures to appear, may not now

seek and obtain bond forfeitures. "In today's criminal practice, involving, among other things, . . . continuances . . . , it would be unrealistic to limit the bond to a single, specified date and not to require that the bond be continued in effect" beyond the initial arraignment date. *State v. Slaughter*, 246 Ga. 174, 178 (3) (269 SE2d 446) (1980). This is especially true where, as here, the bond assures the appearance of a principal "from day to day and from term to term." See *Roberts v. Gordon*, 86 Ga. 386 (12 SE 648) (1890). Moreover, appellant has not shown any harm. "In fact, a delay longer than public policy requires aids, rather than harms, the surety who must produce or pay. The statutory leeway given the court is principally a case management provision, not a right of a party. . . . No right of appellant's was violated by the . . . delay in rendering it liable to the state." *Ace Bonding Co. v. State*, 180 Ga. App. 261, 262 (1) (349 SE2d 15) (1986).

*Judgments affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JUNE 21, 1989 —
REHEARING DENIED JULY 10, 1989 — 

Robert L. Chandler, for appellant.
Lydia Jackson, Solicitor, Raymond E. George, Assistant Solicitor, for appellee.

A89A0048. THE STATE v. BILAL.
(384 SE2d 253)

POPE, Judge.
Appellee was convicted by a jury of selling a dangerous drug in contravention of OCGA §§ 16-13-71 and 16-13-72. After trial, appellee made a motion for new trial and/or motion for directed verdict of acquittal notwithstanding the verdict. The trial court, troubled by the fact that the conviction resulted from the retail sale by a clerk of two small bottles labeled "Rush" and "Locker Room" which contained isobutyl nitrate, an isomer of the prohibited drug, butyl nitrate, granted appellee's motion for judgment notwithstanding the verdict. This was after the trial court denied a motion for directed verdict at trial.

The State appeals, arguing that this order is null and void because the remedy of acquittal notwithstanding the verdict does not exist in criminal law. *Held*:

Notwithstanding the provisions of OCGA § 5-7-1, the State may appeal directly an illegal judgment. *Potts v. State*, 236 Ga. 230 (223 SE2d 120) (1976); *Darden v. Ravan*, 232 Ga. 756 (1) (208 SE2d 846)