46951. AAA BAIL BONDING COMPANY v. STATE OF
GEORGIA et al.

(383 SE2d 125)

SMITH, Justice.

Appellant AAA Bail Bonding Co., Inc., brought this action seeking payment under Georgia's remission statute, OCGA § 17-6-72 (f)(1). In a hearing on appellant's application for remission, the trial court held the remission statute unconstitutional and denied appellant's application. We find that the remission statute does not violate the Georgia Constitution, and appellant's application for remission should have been granted. Therefore, we reverse.

Appellant was the surety on the bail bond of George Carroll Baisden, who is not a party to this appeal. When Mr. Baisden failed to appear in court, the bail bond was declared in default, and a bench warrant was issued for his arrest. On November 4, 1988, judgment was entered on the bail bond against appellant, and appellant paid the judgment in full. On February 8, 1989, appellant apprehended and surrendered Mr. Baisden to the Clayton County Sheriff. Appellant then filed an application for remission. At a hearing on appellant's application, the trial court ruled that the remission statute was unconstitutional and denied the application.

OCGA § 17-6-72 (f) provides that on application filed within 60 days from payment of the judgment, the court shall order remission so long as the conditions set forth in subsection (1) and (2) have been met.

The district attorney urged the trial court to declare the remission statute unconstitutional for two reasons. First, according to the district attorney, the terms for remission set forth in OCGA § 17-6-72 (f) are unconstitutional. Article III, Section VI, Paragraph VI of the 1983 Georgia Constitution provides that "the General Assembly shall not have the power to grant any donation or gratuity or to forgive any debt or obligation owing to the public. . . ." The district attorney claims that the remission of bond payments to bail bonding companies amounts to a grant of a gratuity and, therefore, a violation of the anti-gratuities clause.

The district attorney misunderstands the nature of the debt owed when judgment is entered on a bail bond. It is a conditional debt. When the State obtains a judgment against a bail bonding company for a bail bond amount, the State receives the money but with the following condition: if the money is paid within 90 days of judgment and if the bail bonding company makes an application for remission within 60 days of payment and if the bail bonding company apprehends and surrenders the defendant to effective prosecution, then 95% of the money reverts to the bail bonding company. If the bail bonding company produces the defendant within two years, then

50% of the money reverts to the bail bonding company. Therefore, no gratuity is involved because a bail bonding company that satisfies this condition, in effect, confers a benefit upon the State in return for the remission.

The district attorney also urged the trial court to declare the remission statute unconstitutional in order "to halt the steady erosion of the traditional responsibilities of the bail bondsman." According to the district attorney, the remission of bond payments in return for the apprehension of criminals makes the job of prosecutor more difficult because as time elapses, vital witnesses to the crime become harder to locate and their testimony less credible.

The General Assembly, not this Court, is the proper forum in which to address these concerns. The State's interest in bail jumpers is to get the law violator and prosecute him. The remission statute provides bail bonding companies with a money incentive to aid the State in that task. More importantly, this mechanism gets the job done at no cost to the State. By apprehending absconded criminals and delivering them to the State, bail bonding companies perform a valuable service for the State inasmuch as they relieve law enforcement officers from the duty, thereby permitting officers to direct their energies to other areas of law enforcement. OCGA § 17-6-72 (f) does not violate the anti-gratuities clause of the Georgia Constitution, and since appellant met the conditions under the statute, the trial court should have granted appellant's application for remission.

*Judgment reversed. All the Justices concur, except Weltner, J., not participating.*

DECIDED SEPTEMBER 11, 1989.

*Cowen & Cowen, Martin L. Cowen III,* for appellant.
*Robert E. Keller, District Attorney, Lisa A. Curia, Assistant District Attorney, Michael J. Bowers, Attorney General, Cathy A. Cox, Assistant Attorney General,* for appellees.