A90A2096. NORTHEAST ATLANTA SURETY COMPANY et al. v. STATE OF GEORGIA.

(398 SE2d 435)

DEEN, Presiding Judge.

This is an appeal from the forfeiture of a bond. On August 19, 1988, appellant, Northeast Atlanta Surety Company (Northeast), entered upon the bond of Alphonso Curry (defendant) in the Fulton County Superior Court in the amount of $2,550 for violation of the Georgia Controlled Substances Act and unlawful possession of a firearm. When the defendant failed to appear, the court ordered the bond forfeited on December 1, 1988, and ordered the defendant and Northeast to show cause why final judgment should not be entered on the forfeited bond at an execution hearing on February 16, 1989. After the defendant failed to appear and was not produced by Northeast at the execution hearing, the court entered a final judgment of forfeiture on the bond on February 16, 1989, in the amount of $2,550.

Northeast filed a motion to vacate the final judgment on April 13, 1990. The court denied the motion to vacate by order dated May 14, 1990. Thereafter, we granted Northeast's application for discretionary appellate review. Northeast asserts the trial court erred by entering final judgment on the bond forfeiture, and later refusing to vacate that judgment, because at the time the judgment was entered, the defendant was incarcerated in the DeKalb County Jail on an unrelated charge. *Held*:

In *Sunrise Bonding Co. v. Busbee*, 165 Ga. App. 83, 84 (299 SE2d 153) (1983), this court recognized the rule originating in *Buffington v. Smith*, 58 Ga. 341 (1877): "When the principal [defendant] in a criminal recognizance, conditioned for his appearance to answer a specific criminal charge therein designated, is thereafter arrested before judg-

ment is executed on the bond for an entirely different crime and remains in the custody of the state, the sureties on the bond are released. This release arises from the sureties' inability to produce their principal to answer the charge caused by the state assuming custody of their principal to which they were theretofore entitled." Accord *Cooper v. Brown*, 10 Ga. App. 730 (73 SE 1101) (1912). It is undisputed that the defendant was incarcerated in the DeKalb County Jail on an unrelated charge during the period December 12, 1988, through March 20, 1989, and that the court was unaware of this fact when it entered final judgment on February 16, 1989. The defendant was subsequently surrendered to the Fulton court, where on March 30, 1989, he entered a guilty plea and was sentenced on the controlled substance charge. The firearms charge was dead docketed. Nevertheless, on similar facts in *Sunrise* we affirmed the trial court's refusal to set aside the final judgment because there was no evidence that the motion to set aside the judgment was predicated upon a non-amendable defect appearing on the face of the record or pleadings, which was the only basis, aside from jurisdictional grounds, upon which the surety could seek to have the judgment set aside under the then existing version of the statute. Ga. L. 1974, p. 1138, § 1 (current version at OCGA § 9-11-60 (d)).

As noted in *Sunrise*, the fundamental rules for seeking relief from judgments apply. Northeast seeks relief from the judgment on the basis that the defendant was held by the State in the DeKalb County Jail when judgment was entered, which prevented it from producing the defendant. Nothing in the record or the pleadings indicates that Northeast informed the court that the defendant was incarcerated elsewhere or that the court otherwise knew this fact prior to the entry of final judgment. Since at the time judgment was entered no credible evidence had been presented which would nullify the effect of the bond, the final judgment was valid on its face when rendered. *Ace Bonding Co. v. State*, 180 Ga. App. 261, 263 (349 SE2d 15) (1986); *Sunrise*, supra at 84. However, Northeast seeks relief from the judgment, not on the basis of a non-amendable defect on the record or pleadings, but rather on what amounts to a claim under OCGA § 9-11-60 (d) (2) based on "Fraud, accident, or mistake or the acts of the adverse party unmixed with the negligence or fault of the movant; . . ." Effective July 1, 1986, the legislature added these as additional grounds for the motion. Ga. L. 1986, p. 294, § 1.

None of these grounds provides Northeast with a basis for relief from the judgment. An accident is an event, not proximately caused by negligence, arising from an unforeseen or unexplained cause. *Moore v. Barfield*, 189 Ga. App. 348, 349 (375 SE2d 623) (1988). A claim of mistake, which is more closely aligned with the present facts, refers to the misapprehension of a past or present fact. *Whipple v.*

*County of Houston*, 214 Ga. 532, 535-36 (105 SE2d 898) (1958). Regardless of whether the basis for relief from the judgment is characterized as mistake, accident, or because the State's actions prevented Northeast from producing the defendant, these grounds are mixed with the negligence of Northeast. Relief under OCGA § 9-11-60 (d) (2) may only be granted where the grounds are " 'unmixed with the negligence or fault of the movant.' " *Aycock v. Hughes*, 189 Ga. App. 838 (377 SE2d 689) (1989).

The motion to vacate, which was verified by the affidavit of an agent of Northeast having personal knowledge of the facts, shows that Northeast located the defendant in the DeKalb County Jail on or about December 12, 1988, well in advance of the execution hearing. Although the trial court's order denying the motion at issue recites that at the time of the February 16, 1989, hearing the surety had no knowledge of the whereabouts of the defendant, the only competent evidence in the record on this point is the sworn statement of the Northeast agent that the surety did have such knowledge. Northeast apparently failed to communicate this information to the court or the prosecutor prior to entry of final judgment on February 16, 1989. Although Northeast claims that the Fulton County Sheriff was aware that Northeast put a hold on the defendant at the DeKalb County Jail, even if true, there is no evidence that this information was communicated to the court or the prosecutor prior to the entry of judgment. Had Northeast communicated its knowledge to the court prior to the entry of final judgment, it could have availed itself of a statutory remedy to avoid the forfeiture. During the period at issue, Ga. L. 1987, p. 1342, § 4 (current version at OCGA § 17-6-72 (d)) provided that no judgment shall be rendered on a bond if prior to entry of judgment the court is shown that the defendant is in the custody of the sheriff or another law enforcement agency. Even after entry of final judgment, timely use of the remission statute in effect at the time could have provided Northeast with substantial relief from the bond forfeiture. Ga. L. 1987, p. 1342, § 4 (current version at OCGA § 17-6-72 (f)); *AAA Bail Bonding Co. v. State of Ga.*, 259 Ga. 411 (383 SE2d 125) (1989).

The rationale of the rule set out in *Buffington* and its progeny is to grant sureties relief from forfeiture where the State has prevented the surety from producing the defendant because it holds the defendant elsewhere with the state on an unrelated charge. The rule recognizes that the State, as obligee on the bond, has an implied obligation not to hinder the surety in the performance of its bond obligations. However, *Buffington* does not require an omniscient state. It would be unrealistic, considering the sheer number of defendants and various courts within the state, to require that the State be aware in every instance that a defendant it holds in one place is wanted on an unre-

lated charge elsewhere in the State. Therefore, we do not read *Buffington* to require that the surety be released in every instance where the State holds a defendant in one place without knowledge of the other unrelated charge. The *Buffington* rule protects the surety where the State acts or fails to act in a manner that knowingly prevents the surety from producing the defendant. Based on the present record, we find that the negligence of Northeast in failing to communicate its knowledge of the defendant's whereabouts, and not any act or omission of the State which knowingly hindered the surety, was the primary factor contributing to entry of judgment against Northeast on the bond forfeiture. Accordingly, the trial court did not err when it entered final judgment and denied the motion seeking to vacate the judgment.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED OCTOBER 26, 1990.

*Alan Z. Eisenstein*, for appellants.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney*, for appellee.