S91A0726. THE STATE v. JOHNSON et al.
(404 SE2d 563)

HUNT, Justice.

The state appeals the trial court's order declaring OCGA § 17-6-72 (f) (1987 and 1989), the former surety remission statute[1] unconstitutional on its face and as applied under the due process clauses of the federal and state constitutions. We affirm in part and reverse in part.

Mrs. Johnson, who was indigent, posted a $15,000 property bond for her granddaughter, who was arrested for violating the Georgia Controlled Substances Act. The bond was forfeited when the granddaughter failed to appear for her arraignment. Neither Mrs. Johnson nor her granddaughter appeared at the execution hearing, and judgment against Mrs. Johnson was entered. The granddaughter was arrested 44 days after entry of the judgment, and, thereafter, pled guilty and was sentenced. Mrs. Johnson filed a petition to vacate her bond forfeiture, contending the Georgia remission statute in effect at the time violates her due process rights by requiring that she pay the full judgment, which she cannot do without selling her house, before applying to obtain remission of the amount of the bond. The trial court agreed, vacating the judgment against her and cancelling the

---

[1] The trial court did not decide whether the 1987 (Ga. L. 1987, p. 1342, § 4) or 1989 (Ga. L. 1989, p. 556, § 2) version applied. For purposes of this appeal, the two are not significantly different. This is the second time we have considered a constitutional challenge to the remission statute. See *AAA Bail Bonding Co. v. State*, 259 Ga. 411 (383 SE2d 125) (1989) (upholding the statute's constitutionality against the state's claim, inter alia, that it violates the anti-gratuities clause).

writ of execution.

The 1987 and 1989 remission statute, OCGA § 17-6-72 (f), required the trial court "On application filed within [60 days under the 1987 version and 90 days under the 1989 version] *from payment of judgment . . . ,*" and "*[p]rovided the bond amount has been paid within 90 days after judgment,*" to order remission of 95 percent of the bond if the surety apprehended and surrendered the defendant or substantially procured or caused the apprehension or surrender of the defendant.

We agree with the trial court that the 1987 and 1989 versions of OCGA § 17-6-72 (f) violate the right to due process under the state and federal constitutions to the extent they require the surety to pay the judgment in full before being permitted to present arguments in support of remission. *Boone v. Dept. of Human Resources,* 250 Ga. 379, 381 (297 SE2d 727) (1982); *North Georgia Finishing v. Di-Chem,* 419 U. S. 601, 607 (95 SC 719, 722-723, 42 LE2d 751) (1975). Accordingly, the trial court properly vacated the judgment against Mrs. Johnson and cancelled the writ of execution. However, but for that part of former OCGA § 17-6-72 (f) (1987 and 1989) which we have held unconstitutional, we find no other infirmity with that section, and the trial court erred in holding it unconstitutional in its entirety.[2]

*Judgment affirmed in part, reversed in part. All the Justices concur.*

DECIDED JUNE 7, 1991 —
RECONSIDERATION DENIED JUNE 26, 1991.

*Thomas J. Charron, District Attorney, Nancy I. Jordan, Debra H. Bernes, Assistant District Attorneys,* for appellant.
*Sharon N. Hill,* for appellees.

---

[2] We note the 1990 amendments to the remission statute eliminate the requirement that the judgment be paid prior to seeking remission where the surety surrenders the principal within 90 days after judgment. OCGA § 17-6-72 (f) (3). We do not decide, in this opinion, whether the amended statute might be unconstitutional as applied under certain circumstances.