A96A2314, A96A2315. U. S. BONDS v. STATE OF GEORGIA
(two cases).
(481 SE2d 887)

MCMURRAY, Presiding Judge.

U. S. Bonds ("the surety") entered into recognizance bonds with the State of Georgia on behalf of two principals, defendant Bonilla and defendant Echeverria. The bonds required U. S. Bonds to honor its obligations as surety until the trial court excuses the principals —

via leave of court — from having to appear in court "from day to day and from term to term. . . ." When the principals failed to appear in court when they were required to do so, the trial court declared the bonds forfeited and issued writs scire facias notifying the surety that execution hearings would be conducted on dates within the time period prescribed by OCGA § 17-6-71 (a).[1] Jim Kiser, the surety's manager, appeared in court for the execution hearing on the days designated in the writs scire facias, but on both occasions the trial court failed to call the surety or conduct the hearings. Kiser assumed the surety was relieved of liability under the bonds and, thereafter, stopped looking for the principals and contacting individuals who had executed the bonds as indemnitors.

More than 17 months after Echeverria failed to appear in court and 11 months after Bonilla failed to appear in court, the State of Georgia reinitiated bond forfeiture proceedings and issued writs scire facias ordering the surety and the principals to appear in court to show cause why judgments should not be entered upon the forfeited bonds. The surety responded by filing motions to relieve it of liability, arguing that OCGA § 17-6-71 (a) required the execution hearings to be conducted no later than 150 days after the principals' initial failure to appear. The trial court denied these motions and, after providing the surety and the principals opportunities to appear in court to show cause why judgments should not be entered upon the forfeited bonds, issued a rule absolute as to each bond and entered judgments in the amount of the surety's obligations. These appeals followed. Because the facts and the legal issues are identical, the two cases have been consolidated for disposition in this opinion. *Held*:

A surety must show harm as well as error before it will be relieved of liability based on failure to conduct an execution hearing within the time prescribed by OCGA § 17-6-71 (a). *Griffin v. State of Ga.*, 194 Ga. App. 624, 625 (2) (391 SE2d 675). In the cases sub judice, the surety argues that the State of Georgia increased its risk under the bonds by failing to conduct execution hearings within the time prescribed by OCGA § 17-6-71 (a) because — after expiration of the statutory time periods — the individuals who executed the bonds as indemnitors were no longer available to honor their respective obligations. To this end, the surety points to Jim Kiser's testimony that he was in contact with the indemnitors when the initial execution hearings were set, but that he lost contact with the indemnitors by the time the State of Georgia reinitiated the bond forfeiture proceedings. This testimony does not show that the surety was harmed

---

[1] This Code subsection pertinently provides that "[t]he judge shall, at the end of the court day, upon the failure of the principal to appear, forfeit the bond and order an execution hearing not sooner than 120 days but not later than 150 days after such failure to appear."

by the State of Georgia's bond forfeiture procedures.

Harm resulting from a surety's own lack of diligence provides no basis for setting aside a rule absolute and final judgment. See *Colbert v. Doe,* 164 Ga. App. 618, 619 (2) (298 SE2d 592). In the cases sub judice, the surety's failure to keep track of its indemnitors was not caused by the delayed execution hearings. See *Kwik Bond v. State of Ga.,* 192 Ga. App. 184, 185 (384 SE2d 207). It was the result of Jim Kiser's erroneous assumption that the surety was relieved of liability under the bonds — by operation of law — 150 days after the principals' initial failure to appear in court. This interpretation of OCGA § 17-6-71 (a) has not only been rejected by this Court in *Griffin v. State of Ga.,* 194 Ga. App. 624, 625 (2), supra, and *AAA Bonding Co. v. State of Ga.,* 192 Ga. App. 684 (1) (386 SE2d 50), but Jim Kiser's assumption that the surety was relieved of liability after the initial execution hearings were not conducted ignores the bonds' express terms providing that U. S. Bonds will not be relieved as surety until the trial court excuses the principals — via leave of court — from having to appear in court "from day to day and from term to term of said courts. . . ." See *Kwik Bond v. State of Ga.,* 192 Ga. App. 184, 185, supra, where the same contractual language barred the surety's claim that it was relieved of liability because an execution hearing was not conducted within the statutory time frame. The trial court therefore did not err in issuing a rule absolute as to each bond and entering judgments in the amount of the surety's obligations.

*Judgments affirmed. Birdsong, P. J., concurs. Pope, P. J., Johnson and Blackburn, JJ., concur and also concur specially. Beasley, J., concurs specially. Ruffin, J., concurs in the judgments only.*

BEASLEY, Judge, concurring specially.

I concur because, in this case of statutory construction, it is apparent that the legislature provided the specific time frame for the execution in order to give the surety a reasonable opportunity to find the principal. This purpose is evident from the statutory right of at least 120 days but no more than 150 days. The specificity is in accordance with the principle that "[a] surety on a criminal bond or recognizance has the right to insist that his liability should be fixed upon him according to law. [Cit.]" *Griffin v. State of Ga.,* 194 Ga. App. 624, 625 (2) (391 SE2d 675) (1990). Thus over the years the time period has been made specific rather than open-ended, and it has been lengthened to the benefit of sureties.

The legislature does not state, in either OCGA § 17-6-71 or in OCGA § 17-6-72, the latter of which sets out conditions which will preclude forfeiture, that if the hearing is not held in 150 days, the surety will be relieved. We cannot import such an intention and result. This reasoning, a sound method of statutory construction (see

*State v. Peters*, 213 Ga. App. 352, 355 (444 SE2d 609) (1994)), was similarly used in *Griffin*, supra at 625, and in *AAA Bonding Co. v. State of Ga.*, 192 Ga. App. 684, 685 (2) (386 SE2d 50) (1989).

Where the surety has more time to find the principal before the forfeiture hearing is held and the surety must produce or pay, it has not been deprived of a statutory right but instead has gained the advantage of additional time due to court processing. In fact, it has been granted what *Ace Bonding Co. v. State*, 180 Ga. App. 261, 262 (1) (349 SE2d 15) (1986), refers to as a "reprieve." As quoted approvingly in *Kwik Bond v. State of Ga.*, 192 Ga. App. 184, 185 (384 SE2d 207) (1989), " 'a delay longer than public policy requires aids, rather than harms, the surety. . . .' [Cit.]" See also *AAA Bonding Co.*, supra at 684 (1). A delay in the execution hearing delays the time when the surety must face judgment and provides additional opportunity to avoid it. If the appellants were correct, a court could not even grant a continuance to a surety who was hot on the trail of a principal. The authority to grant a continuance was recognized in *AAA Bonding Co.*, supra.

In this instance the surety misinterpreted the law and acted, or failed to act, on that error. In this way it jeopardized its own interest instead of protecting it by taking advantage of what was in effect a grace period for it to perform what it promised in the bonds. The harm it testified was caused by the court's delay was in fact self-created.

I am authorized to state that Presiding Judge Pope, Judge Johnson, and Judge Blackburn join in this special concurrence.

DECIDED FEBRUARY 20, 1997 —

*Brett D. Turner*, for appellants.
*Lydia J. Sartain, District Attorney, Bernard E. Roberts III, Assistant District Attorney*, for appellee.