A97A0059. OSBORNE BONDING & SURETY COMPANY ex rel.
CASTANEDA v. STATE OF GEORGIA.
(485 SE2d 235)

BEASLEY, Judge.

An indictment charged Castaneda with various theft offenses. He executed a $25,000 appearance bond as principal with Osborne Bonding & Surety Company as surety but failed to appear for arraignment. The court declared the bond forfeited and, following an execution hearing, entered final judgment. About 40 days later, the authorities in the same county acquired custody of Castaneda. Osborne appeals an order holding that Osborne is not entitled to a reduction of the bond amount. Osborne, which had not yet paid the judgment, invokes OCGA § 17-6-72 (d) (1) and (d) (3).

As amended in 1992 (Ga. L. 1992, p. 2933, § 4), subsection (d) (1) required the court to direct remission of 95 percent of the bond amount to the surety if certain conditions were met and if the bond amount had been "paid at any time within 120 days after judgment."[1] Since Osborne never paid the bond amount, subsection (d) (3) allowing reduction rather than (d) (1) allowing remission controls.

Two sentences comprise (d) (3). Before the 1996 amendment, the first sentence stated, "If, within 120 days after judgment, the surety surrenders the principal to the sheriff or responsible law enforcement officer, or said surrender has been denied by the sheriff or responsible law enforcement officer, or surety locates the principal in custody in another jurisdiction, the surety shall only be required to pay costs and 5 percent of the face amount of the bond."

The parties presented a consent order under which Osborne would have been allowed to pay only five percent of the amount of the bond, i.e., $1,250. The court rejected it because, among other things, costs were not specified. A hearing as to that issue was held, after which the court met with counsel and questioned the applicability of the statute. To satisfy the court's concerns, counsel was given additional time to present evidence or request another hearing. None of this transpired. In the subsequent order, the court held that Osborne is not entitled to reduction because it presented no evidence that it played any role in returning Castaneda to the authorities in the jurisdiction.

1. Osborne's first enumeration relates to subsection (d) (1). As explained above, that part of the statute is inapplicable here.

2. Osborne's second enumeration addresses subsection (d) (3). This subsection requires that, as a condition to reduction, the surety surrender the principal to the sheriff or other responsible law

---

[1] Amendments in 1996 do not affect this case.

enforcement officer, that there be a denial of such surrender, or that the surety locate the principal in custody in another jurisdiction. Osborne argues that it was not obliged to present evidence that it met one of these conditions because, by its second sentence, subsection (d) (3) only requires the presentation of evidence *by* the sheriff or the institution holding the principal. It stated, "If it is shown to the satisfaction of the court, by the presentation of competent evidence *from* the sheriff or the holding institution, that said surrender has been made or denied or that the principal is in custody in another jurisdiction or that said surrender has been made and that 5 percent of the bond amount and all costs have been tendered to the sheriff, the court shall be authorized to direct that the judgment be marked satisfied and that the writ of execution (fi. fa.) be canceled." (Emphasis supplied.)

This second sentence does require certain facts to be shown by way of evidence from witnesses or entities other than the surety. It relates to the source of the evidence, that is, what will be acceptable and sufficient evidence to warrant a reduction. However, the surety, as the debtor and party seeking a reduction of the debt under the statute, clearly has the burden of producing such evidence. Just as the surety must surrender or locate his principal, so the surety must prove it did so.

The surety earns reduction by fulfilling one of the conditions set forth in the statute; otherwise reduction would amount to an unconstitutional grant of a gratuity. *AAA Bail Bonding Co. v. State of Ga.*, 259 Ga. 411 (383 SE2d 125) (1989). It is a matter of quid pro quo.

The State's participation in the proposed consent order does not conclusively establish that one of the statutory conditions was met. The court was authorized to require that such fact be established through the prescribed evidence. None was presented although Osborne was given an adequate opportunity. The court's refusal to partially reduce the judgment was not error.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

Decided March 18, 1997 —
Reconsideration denied April 3, 1997 — 

*Stephen E. Boswell*, for appellant.

*Robert E. Keller, District Attorney,. Albert B. Collier, Assistant District Attorney*, for appellee.