A06A1510, A06A1511, A06A1512, A06A1513. CONFIDENTIAL BONDING COMPANY v. STATE OF GEORGIA (four cases).

(632 SE2d 684)

BLACKBURN, Presiding Judge.

In these cases consolidated for appeal, Confidential Bonding Company appeals the trial court's denial of its four motions for remission of bond forfeiture involving four separate criminal defendants, each of whom failed to appear for a court hearing and each of whom was eventually arrested on a bench warrant by local law enforcement officials after judgment had already been entered against Confidential on its forfeited bonds. Confidential did not pay any of the judgments. Confidential's argument that the trial court committed reversible error in applying OCGA § 17-6-72 (d) (3) to these motions is without merit, and we therefore affirm.

The undisputed facts show that in Case No. A06A1510, Confidential executed a $1,100 bond on behalf of Stacey Coleman as principal, who was arrested in Clarke County for giving police false information. When Coleman failed to appear at his arraignment on December 15, 2004, the court that same day issued a bench warrant, ordered the bond forfeited, and set an execution hearing for March 24, 2005 to determine whether to enter a judgment against Confidential on the bond amount.[1] The court entered judgment against Confidential on March 24, and a writ of fi. fa. later issued. On April 30, a Clarke County deputy arrested Coleman, who within a week pled guilty and was sentenced.

On July 22, 2005, Confidential moved for remission of ninety-five percent of the forfeiture judgment and tendered the other five percent into court. The court held a hearing on this matter on December 28

---

[1] Curiously, in none of these four cases did the trial court follow the requirement of OCGA § 17-6-71 (a) that the execution hearing be "not sooner than 120 days but not later than 150 days after such failure to appear." Because no party at any point has complained about this oversight, we consider the issue waived and therefore do not address it.

and denied the motion, citing OCGA § 17-6-72 (d) (3) and finding that Confidential failed to show that it was responsible for surrendering or locating the principal in the custody of the sheriff. Expressly omitting the hearing transcript from the appellate record, Confidential appeals, arguing that the trial court erred in relying on subsection (d) (3) rather than (d) (1) of OCGA § 17-6-72.

The fact pattern in Case No. A06A1511 is similar. Confidential executed a $1,100 bond on behalf of Darcy Williams, who was arrested in Clarke County for battery and disorderly conduct. When Williams failed to appear at his arraignment on February 22, 2005, a bench warrant issued for his arrest and the court ordered the bond forfeited, with an execution hearing set for May 25 to determine judgment. Judgment issued on May 25, followed soon by the issuance of a writ of fi. fa. A Clarke County deputy arrested Williams on June 11, and he pled guilty and was sentenced on June 16. On September 23, Confidential moved for a remission of ninety-five percent of the judgment, tendering five percent with its motion. Following the same December 28 hearing (at which all four motions for bond remission were addressed), the court denied the motion on the same ground referenced above, namely that Confidential failed to show that it was responsible for surrendering or locating the principal in the custody of the sheriff. As in the other appeal notices, Confidential expressly excludes the transcript of the December 28 hearing.

In Case No. A06A1512, Confidential executed a $1,600 bond on behalf of Jeffrey Ham, who was arrested in Clarke County for battery and disorderly conduct. On February 23, 2005, Ham failed to appear at his arraignment; accordingly, a bench warrant issued for his arrest, the bond was forfeited, and an execution hearing was set for May 25, 2005. Judgment issued on May 25, with a writ of fi. fa. following within two weeks. A Clarke County deputy arrested Ham on the bench warrant on June 19, and he pled guilty on June 21. Confidential moved for remission of the judgment, tendering five percent. Following the same December 28 hearing at which Confidential's similar motions for the other cases were heard, the court denied the motion on the same ground as the others. Confidential's notice of appeal excludes the hearing transcript.

In Case No. A06A1513, Confidential executed a $5,600 bond on behalf of Quinton Jones, who was arrested in Clarke County for drug possession, battery, and disorderly conduct. When he failed to appear for his jury trial on April 25, 2005, a bench warrant issued for his arrest, the bond was forfeited, and an execution hearing was set for July 8. The court entered judgment on July 8, and a writ of fi. fa. issued shortly thereafter. Clarke County authorities arrested Jones on the bench warrant on August 7, and within ten days, he pled guilty and was sentenced. Confidential moved for remission of its judgment,

tendering a portion of the money with the motion. Following the same December 28 hearing, the court denied the motion, which Confidential appeals in a notice expressly excluding the December 28 transcript.

OCGA § 17-6-72 (d) sets forth the conditions under which a court may direct remission or reduction of a judgment on the forfeiture of a bond. It reads:

> (d) In cases in which paragraph (3) of this subsection is not applicable, on application filed within 120 days from the payment of judgment, the court shall order remission under the following conditions:
> (1) *Provided the bond amount has been paid within 120 days after judgment* and the delay has not prevented prosecution of the principal and upon application to the court with prior notice to the prosecuting attorney of such application, said court shall direct remission of 95 percent of the bond amount remitted to the surety *if the surety locates the principal in the custody of the sheriff in the jurisdiction where the bond was made* or in another jurisdiction causing the return of the principal to the jurisdiction where the bond was made, apprehends, surrenders, or produces the principal, if the apprehension or surrender of the principal was substantially procured or caused by the surety, or if the location of the principal by the surety caused the adjudication of the principal in the jurisdiction in which the bond was made . . . ;
> (2) Remission shall be granted upon condition of the payment of court costs and of the expenses of returning the principal to the jurisdiction by the surety; or
> (3) If, *within 120 days after judgment, the surety surrenders the principal to the sheriff or responsible law enforcement officer*, or said surrender has been denied by the sheriff or responsible law enforcement officer, or surety locates the principal in custody in another jurisdiction, the surety shall only be required to pay costs and 5 percent of the face amount of the bond, which amount includes all surcharges.

(Emphasis supplied.)

The statutory scheme is plain. Cf. *Spivey v. State*[2] ("the interpretation of a statute is a question of law, which is reviewed de novo on appeal"). If the surety chooses to pay the full bond amount within

---

[2] *Spivey v. State*, 274 Ga. App. 834 (1) (619 SE2d 346) (2005).

120 days after judgment and seeks a remission or refund, then the surety has a lesser burden. As pertains to the case at hand, Confidential in that case would only have had to locate each principal in the custody of the Clarke County sheriff (assuming Confidential filed its application within 120 days after payment of the bond). On the other hand, if the surety chooses not to pay the bond and seeks instead a reduction of the judgment, then the surety has a greater burden. As pertains to the case at hand, Confidential in that case would itself have had to surrender each principal to proper law enforcement officials within 120 days after each judgment. See *Reliable Bonding Co. v. State of Ga.*;[3] *Osborne Bonding &c. Co. v. State of Ga.*[4]

Here, Confidential never paid the bond amount. "Since [Confidential] never paid the bond amount, subsection (d) (3) allowing reduction rather than (d) (1) allowing remission controls." *Osborne Bonding*, supra, 225 Ga. App. at 896. Accordingly, Confidential was obligated to show that it had surrendered each principal to law enforcement authorities within 120 days of the judgment. But the bench warrants in the record show that these individuals were all arrested by Clarke County authorities without any apparent involvement of Confidential. Accordingly, the court found that Confidential failed to show that it had surrendered the individuals to proper authorities.[5]

Curiously, although the court purported to apply OCGA § 17-6-72 (d) (3), the court found in each case that in addition to not surrendering the principals to authorities, Confidential had not "located the Principal in custody of the Sheriff of Athens-Clarke County." The court apparently misapprehended the requirements of subsection (d) (3), as Confidential was required to show that it either surrendered the principals to law enforcement authorities or located the principals in custody in *another* jurisdiction. See *Osborne Bonding*, supra, 225 Ga. App. at 896-897 (1). Locating the principals in the custody of the sheriff of the Athens-Clarke County jurisdiction is the lower threshold finding necessary for remission under subsection (d) (1), which is not applicable here. This error by the trial court is harmless, since the record clearly shows that the higher threshold findings of subsection (d) (3) were not proven.

Confidential cites *State v. Johnson*[6] for the proposition that OCGA § 17-6-72 (d) (1) is unconstitutional to the extent it requires

---

[3] *Reliable Bonding Co. v. State of Ga.*, 262 Ga. App. 280, 282 (585 SE2d 192) (2003).

[4] *Osborne Bonding &c. Co. v. State of Ga.*, 225 Ga. App. 896 (485 SE2d 235) (1997).

[5] Because Confidential excluded the December 28 transcript of the evidence received on Confidential's motions, we must assume that the evidence in that hearing also supported the court's factual findings. See *Eason v. State*, 249 Ga. App. 738, 739 (1) (549 SE2d 532) (2001).

[6] *State v. Johnson*, 261 Ga. 363, 364 (404 SE2d 563) (1991).

Confidential to pay the judgment in full before being permitted to present arguments in support of remission. This argument overlooks the language in footnote 2 of that opinion, which observed that recent amendments adding what is now OCGA § 17-6-72 (d) (3) eliminated the requirement of such payment where the surety surrenders the principal within a certain time after judgment. *Johnson*, supra, 261 Ga. at 364, n. 2. Cf. Ga. L. 1990, p. 2336, § 2; Ga. L. 1996, p. 1233, § 3. *Johnson* stated: "We do not decide, in this opinion, whether the amended statute might be unconstitutional as applied under certain circumstances." Id. Any such constitutionality challenge should be addressed to the Supreme Court of Georgia. See Ga. Const. 1983, Art. VI, Sec. VI, Par. II (1); *Burns v. Burns*.[7] In any case, nothing in the record reflects that this constitutionality challenge was raised or ruled on in the court below. "Because the issue of the statute's constitutionality was not raised below or ruled on by the trial court, it cannot be considered on appeal." (Punctuation omitted.) *Pless v. State*.[8]

*Judgments affirmed. Mikell and Adams, JJ., concur.*

DECIDED JUNE 6, 2006 — 

*McArthur & McArthur, John J. McArthur*, for appellant.

*Morris H. Wiltshire, Jr., Solicitor-General, Kevin D. Gonzalez, Assistant Solicitor-General*, for appellee.

---

[7] *Burns v. Burns*, 253 Ga. App. 600, 602 (560 SE2d 47) (2002).

[8] *Pless v. State*, 279 Ga. App. 798, 800 (2) (633 SE2d 340) (2006).