74943. JAM BONDING COMPANY, INC. v. STATE OF GEORGIA.
(361 SE2d 238)

Benham, Judge.

Appellant Jam Bonding Company executed a bond contract with Patsy McLymont, who subsequently failed to appear for her trial. The State sought to enforce the bond contract and presented its evidence at the required rule nisi hearing. Appellant was present at the hearing and objected, contending that the bond contract did not comply with OCGA § 17-6-73 because it did not contain appellant's mailing address. The trial court entered judgment in the State's favor, and appellant appeals, its sole enumeration being that absence of its address on the bond relieves it of liability as a surety. This appears to be a question of first impression, and appellant here relies on OCGA §§ 17-6-71 (a) and 17-6-73. OCGA § 17-6-71 (a) states, "The judge shall upon the failure to appear order an execution hearing for a date not sooner than 60 days but not later than 90 days after the failure to appear. Notice of the execution hearing shall be given by first-class mail by the clerk of court to the principal and to each surety at the

addresses given on the bond or by personal service to the surety within 72 hours of the failure to appear at its home office or to its designated registered agent. Notice shall be served in the form of a scire facias, setting the date of the execution hearing." OCGA § 17-6-73 states, "Every bond or recognizance given to secure the appearance of any person in any criminal proceeding shall have entered thereon the mailing address of the principal and each surety."

Appellant would have us hold that since its address was not on the bond as statutorily required, the bond contract is unenforceable against it. We decline to so hold. The purpose of the address requirement is to facilitate identifying and locating the surety, and the absence of the address does not in and of itself affect the validity of the bond contract. This is particularly true under the circumstances of the case before us. The record reflects that appellant was properly served with notice of the rule nisi hearing at which appellant appeared and was heard. We do not find a procedural due process defect, and appellant has not shown that he was harmed in any other way by the absence of the address. Moreover, it appears that appellant was in as good a position as anyone to supply the address since the bond was signed by appellant's agent and space designated specifically for the surety's name and address was provided below his signature. In summary, although the language of the statute requires the surety's address be included on the bond, we construe that language as being "directory and not . . . a limitation of authority and particularly so where no injury appears to have resulted . . . the violation, if any, of the [statute sections] was harmless. [Cits.]" *W. G. C. v. State*, 173 Ga. App. 528, 531 (327 SE2d 522) (1985).

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 17, 1987.

*Steven E. Lister*, for appellant.
*Robert E. Keller, District Attorney, Todd E. Naugle, Assistant District Attorney*, for appellee.