A89A1099. AAA BONDING COMPANY et al. v. STATE OF
GEORGIA.

(386 SE2d 50)

Pope, Judge.

This appeal was brought by the surety on a $550 bail bond from a judgment of forfeiture entered pursuant to OCGA § 17-6-71 on September 14, 1988, in the Superior Court of Henry County. The bond was returnable on September 25, 1987, to the Magistrate Court of Henry County and when the principal failed to appear on that date the case was transferred to the Superior Court. An accusation was drawn by the district attorney on May 18, 1988, incorporating additional charges and notice of arraignment was mailed to the principal on June 2, 1988. When this notice was returned undelivered, a bench warrant was issued for the arrest of the principal on June 13, 1988. Notice of a bond forfeiture and execution hearing was filed on June 14 and after service on the principal was unsuccessful on June 18, additional service was undertaken. An execution hearing was scheduled for August 25, 1988, and after the hearing was continued to September 14, the judgment of forfeiture was entered over the objections of the appellant surety.

1. Appellant contends that because OCGA § 17-6-71 (a) requires that an execution hearing be set not sooner than 60 days nor later than 90 days from the principal's failure to appear, and the failure to appear here occurred on September 25, 1987, but the execution hearing was not held until eleven months later on August 25, 1988, the proceeding was defective and the judgment erroneous. We do not agree. While the principal did not appear at the September 25, 1987, hearing scheduled in the Magistrate Court, no forfeiture proceeding was ever held there. Rather, the case was transferred to the superior court when the district attorney filed an accusation there, and the statutory failure to appear thus occurred on the arraignment date of June 13, 1988. The execution hearing was set for August 25, 1988, which was within 60 to 90 days of the failure to appear at arraignment, and was then continued by the court until September 14, 1988, pursuant to the court's discretion in regulating and controlling its business. See *Ace Bonding Co. v. State*, 180 Ga. App. 261 (1) (349 SE2d 15) (1986). Furthermore, appellant has not shown that it was harmed by the continuance, and since it was thereby allowed an extra three weeks to attempt to locate and produce the principal "we fail to discern how the surety could claim harm from the reprieve afforded by the court." Id. at 262.

2. Appellant complains that it did not receive notice of the execution hearing within 72 hours of the principal's failure to appear as required by OCGA § 17-6-71 (a), and that because strict compliance with the forfeiture proceeding law is required the judgment must b

reversed. *Osborne Bonding Co. v. State,* 163 Ga. App. 648 (295 SE2d 577) (1982), which appellant cites as authority for its position, involved nonamendable defects on the face of the record and we do not find it to be controlling here. The failure to perfect service within 72 hours is not one of the conditions listed in OCGA § 17-6-72 as precluding forfeiture or remission of forfeiture; nor does any language in OCGA § 17-6-71 itself expressly address the failure to comply with the 72-hour provision or bar forfeiture in the event of less than strict compliance.

OCGA § 1-3-1 (C) provides that "[a] substantial compliance with any statutory requirement, *especially on the part of public officers,* shall be deemed and held sufficient, and no proceeding shall be declared void for want of such compliance, unless expressly so provided by law." (Emphasis supplied.) If the General Assembly had intended the 72-hour notice provision to be a condition precedent to forfeiture, this should have been expressed within the statute. See *State of Ga. v. Battise,* 177 Ga. App. 583 (340 SE2d 240) (1986). We conclude that the superior court clerk substantially complied with the statutory direction by sending the notice within five days of the principal's failure to appear.

3. We reject appellant's assertion that because the bail bond was returnable on its face to the Magistrate Court of Henry County then the superior court lacked jurisdiction to entertain the forfeiture proceedings. "When a person posts bail bond prior to a preliminary or commitment hearing and is later bound over to another court for trial, the original bail bond shall not terminate but shall be valid to provide for the person's appearance at the trial of the case unless the amount of the bail is set higher by lawful authority . . . ." OCGA § 17-6-14 (a). The principal was charged with misdemeanor bad check offenses and the superior court had concurrent jurisdiction with the other state courts within its territorial limits to try the offense. OCGA § 15-7-4 (1). The case was effectively transferred to and lawfully before the superior court when the district attorney filed the accusation there and no further bail was sought for the additional charges. OCGA §§ 17-7-70; 17-7-71.

"There is nothing in this record to show why the appellant could not have traversed any defective entries in the record. [Cits.] We have found on the face of the record a sufficient notice and compliance with the statutory forfeiture proceedings. Moreover, there is a presumption that a trial judge, acting as a public official, faithfully and lawfully performed the duties devolving upon him [cit.] and in the absence of a showing in the record that notice and opportunity for hearing was denied to appellant, we will presume that the trial court fully complied with the law. [Cit.] We find no merit in the enumeration of error by appellant." *Ace Bonding Co. v. State,* 152 Ga. App.

477, 479, supra.
  *Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 5, 1989.

Cowen & Cowen, Martin L. Cowen III, for appellants.
  Tommy K. Floyd, District Attorney, Edwin J. Wilson, Assistant District Attorney, Michael J. Bowers, Attorney General, for appellee.