## A89A2357. GRIFFIN v. STATE OF GEORGIA.
(391 SE2d 675)

BIRDSONG, Judge.

Appellant, Marvin Griffin III, as surety for four named individuals, appeals the order of the trial court denying appellant's motion to dismiss bond forfeiture in which a rule absolute was issued.

The record reflects that appellant, as surety, executed bonds on four named individuals who subsequently did not appear. The bonds were of a standard form, which gave notice of the initial dates and times appellant's principals would be required to appear to answer the averred offenses, but also required that they appear for such purpose "from day to day and term to term thereof until discharged by law." The State initiated proceedings for forfeiture of bond, under OCGA § 17-6-70 et seq. As proper notices apparently were not delivered as required by statute, forfeiture judgments were vacated and writs fi fa cancelled. Thereafter, the State reinitiated forfeiture proceedings and issued new notices, and a hearing on bond forfeiture was held.

During the course of the hearing, appellant objected to the reinitiated bond forfeiture proceedings. This objection was treated by the trial court as a motion to dismiss the bond forfeiture and taken under advisement. At the conclusion of the hearing the State moved for "a judgment rule absolute" in each case, and rule absolute was granted. Subsequently, the trial court issued its order denying appellant's motion to dismiss bond forfeiture.

Appellant asserts that the trial court erred in not ordering dismissal of the State's reinitiated attempt to forfeit the bonds executed by appellant as surety. *Held*:

1. If the substance of appellant's motion to dismiss was actually a motion to set aside judgment under OCGA § 9-11-60 (d), this court would lack jurisdiction to entertain this matter as a direct appeal. OCGA § 5-6-35 (a) (8). However, in view of the posture of this record, which includes the fact that appellant orally objected at the forfeiture hearing and the trial judge subsequently disposed of the issue after having taken the matter under advisement and issued rules absolute, we elect not to construe this motion in the appeal before us as a motion to dismiss within the meaning of OCGA § 5-6-35 (a) (8). OCGA § 5-6-30; compare *Ace Bonding Co. v. State*, 180 Ga. App. 261 (349 SE2d 15) (direct appeal from the overruling and dismissal of motion to set aside judgments of final forfeiture on bonds). In the interest of judicial economy, we will dispose of this direct appeal on the merits.

2. The issue presented appears to be one of first impression. A surety on a criminal bond or recognizance has the right to insist that his liability should be fixed upon him according to law. *Garner v. Chambers*, 75 Ga. App. 756, 758-759 (44 SE2d 507). However, the procedure used by the State in this case is not expressly prohibited by statute, and was in technical compliance with the express provisions of OCGA § 17-6-71. OCGA § 1-3-1 (c); compare *AAA Bonding Co. v. State of Ga.*, 192 Ga. App. 684 (386 SE2d 50); see also *Ace Bonding*, supra at 262 (1) (no right of appellant violated by nine-month delay).

The record reflects that, subsequent to the vacation of the original bond forfeiture, appellant surety was given written notification of a *new appearance date* of April 21, 1989, for each of his four principals. Scire facias was issued within 72 hours after this new appearance date and served on appellant on April 24, 1989, as to each principal. Bond forfeiture hearing was held and rules absolute issued as to each principal on June 30, 1989. The triggering dates for the applicable statutory notice and hearing provisions were not limited to calculation from the date of a principal's *initial* time of required appearance and failure to appear. Rather, we interpret the statute as allowing initiation of the notice and hearing procedures after *any* time of required appearance and failure to appear thereat. In this regard, had the legislature intended that the statutory triggering dates for notice and hearing were to commence only from the *initial* date of required court appearance and failure to appear, this easily could have been expressed within the statute. See *AAA Bonding*, supra at 685.

Moreover, appellant has failed to make a sufficient evidentiary showing of harm in the record resulting from the procedure employed by the State. To obtain reversal of the judgment, "it is necessary not only to show error but injury." *Avary v. Avary*, 202 Ga. 22 (1) (41 SE2d 314). Thus, assuming error occurred in this instance, it was harmless. See *AAA Bonding*, supra 684 (1); see also *Jam Bonding Co. v. State of Ga.*, 184 Ga. App. 246 (361 SE2d 238).

*Judgment affirmed. Deen, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 22, 1990.

*Wells & Aultman, Charles A. Aultman*, for appellant.
*Carl A. Veline, Jr., Solicitor*, for appellee.