A97A0303. EASY OUT BONDING et al. v. STATE OF GEORGIA.

(481 SE2d 834)

ELDRIDGE, Judge.

Appellant, Easy Out Bonding, signed $21,000 in surety bonds for Edwin Charles O'Malley, the defendant/principal, who had been arrested on various felony charges. After the defendant failed to appear for trial on February 5, 1996, the trial court issued a bench warrant and ordered a bond forfeiture on February 14, 1996. On the same day the forfeiture was signed, the trial court served appellant with notice of the order by certified mail. In June 1996, appellant filed a motion to vacate the bond forfeiture based on the asserted failure of the trial court to give appellant notice of the trial date, as required in OCGA § 17-6-70 (b). The trial court denied the motion on July 3, 1996; issued a judgment absolute on the forfeiture on August 2, 1996; and issued a fieri facias on August 6, 1996 against appellant, who timely appealed. Because this Court finds that the trial court acted within the statutory requirements for notice of appellant prior to forfeiture proceedings, we affirm the decision of the trial court.

1. In the first enumeration of error, appellant asserts that the trial court's denial of appellant's motion to vacate bond forfeiture was error because the trial court did not order the bond forfeiture or provide notice of the forfeiture within the statutory requirements of OCGA § 17-6-71 (a). According to appellant, the statute requires that the court forfeit the bond and order an execution hearing "at the end of the court day, upon the failure of the principal to appear." OCGA § 17-6-71 (a). However, appellant apparently misinterprets the statute as requiring the trial court to conduct its business by the end of the day or to forego forfeiture proceedings altogether.

This interpretation is inconsistent with the rest of the subsection, which allows the court ten days following the failure to appear to notify the surety of the forfeiture and the pending execution hearing. OCGA § 17-6-71 (a). Little would be gained by requiring the court to quickly issue an order, which may then be ignored until service to the parties ten days later.

This harm is substantially greater than that asserted by appellant in the case sub judice, who claims that the nine-day period between the defendant's failure to appear on February 5, 1996 and the court's forfeiture order on February 14, 1996 prevented appellant from locating and presenting the defendant. However, under the plain language of the statute, appellant was not entitled to notice of

the forfeiture order until ten days after the defendant's failure to appear, regardless of when the order was actually issued. OCGA § 17-6-71 (a). Since appellant was notified of the forfeiture order within the ten-day statutory notice period,[1] appellant suffered no harm by the trial court's failure to sign the order on February 5, 1996.

Absent an express statutory provision to the contrary, we find that the legislature did not intend to require a trial court to sign a forfeiture order the same day as the defendant's failure to appear as a condition precedent to issuing a judgment absolute. See *Griffin v. State,* 194 Ga. App. 624 (391 SE2d 675) (1990); *AAA Bonding Co. v. State*, 192 Ga. App. 684, 685 (386 SE2d 50) (1989). The "end of the court day" language at issue is "directory and not a limitation of [the trial court's] authority," particularly where appellant was not harmed. *Jam Bonding Co. v. State of Ga.*, 184 Ga. App. 246, 247 (361 SE2d 238) (1987). Therefore, this Court declines to adopt appellant's overly-restrictive interpretation of OCGA § 17-6-71 (a) and affirms the trial court's denial of the motion to vacate the bond forfeiture.

2. In the second enumeration of error, appellant asserts that the trial court failed to give notice of the defendant's request for a continuance and subsequent trial date, pursuant to OCGA § 17-6-70 (b), which conditions bond forfeiture upon written notice to the surety at least 72 hours before a required court appearance by the principal. Appellant claims that she did not receive notice prior to the defendant's February trial date, so that the statute precludes the trial court from ordering the bond forfeiture. Appellant also claims that she was harmed when the trial court did not give notice of a continuance that was granted for the defendant in December 1995. According to appellant, if she had received notice of the request for a continuance, she would have been aware that the defendant had relocated to Brazil, outside the jurisdiction of the trial court. Armed with such knowledge, appellant asserts that she may have been able to get the defendant to his court appearance, thereby avoiding the bond forfeiture.

However, the record shows that appellant was notified of the defendant's December 1995 motions hearing date, which was subsequently continued until February 1996 upon request by defendant's counsel. In addition, an employee of the county clerk's office testified

---

[1] Appellant asserts that the ten day notice period should run from the defendant's failure to appear on February 2, 1996, the date assigned by the trial court for the defendant to enter a plea and avoid trial if the defendant chose to do so. Appellant's argument is without merit. See *Griffin v. State,* 194 Ga. App. 624 (391 SE2d 675) (1990) (holding that notice procedures may be instituted "after any time of required appearance and failure [by the defendant] to appear thereat").

that appellant received notice of the February 5, 1996 trial date. According to the employee, the notice was mailed on January 10, 1996 in an envelope which also contained trial date notices of other Easy Out Bonding Company clients. It is assumed that appellant received all of the notices, since she has not asserted a lack of notice regarding the trial dates of other clients.

It is further assumed that appellant, who has taken a financial risk in ensuring the defendant's presence at trial, would be motivated to keep track of the defendant's case and to prevent the defendant's flight or relocation until the surety is relieved of its bond obligation. Such risk of flight is inherent in the criminal justice system, without which there would be no need for bail bonds or bond sureties.

This Court notes that the trial court has no statutory duty to notify a bond surety regarding a pending motion for continuance, which is a matter of public record. We find that appellant received notice of the February 5, 1996 trial date in fulfillment of the statutory requirements of OCGA § 17-6-70 (b). Therefore, appellant's second enumeration of error is without merit.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 3, 1997 —
RECONSIDERATION DENIED FEBRUARY 18, 1997 —

*Brett D. Turner*, for appellants.
*Albert F. Taylor, Jr., District Attorney, Mary E. Moore, Assistant District Attorney*, for appellee.