A02A1350. CLASSIC CITY BONDING COMPANY v. STATE OF GEORGIA.
(568 SE2d 834)

ANDREWS, Presiding Judge.

Classic City Bonding Company (Classic City) appeals from the trial court's order granting the State's motion for forfeiture of an appearance bond after the principal failed to appear in court on his arraignment date. Classic City argues that because the State did not serve it with notice of the execution hearing within ten days, as required by OCGA § 17-6-71, the trial court erred in forfeiting the bond. Because the State substantially complied with the notice requirement, we affirm.

The principal in this case was charged with criminal damage to property and entered into an appearance bond for $2,500 with Classic City. The principal failed to appear for arraignment on March 29, 2001. The State filed a motion for bond forfeiture on April 3, 2001, and scire facias was entered on that date scheduling an execution hearing for August 15, 2001. On April 11, 2001, the State served Classic City with notice of the hearing.

At the execution hearing, Classic City argued that the court should not grant the State's motion to forfeit the bond because the State did not serve it with notice of the hearing within ten days of the principal's failure to appear, as required by OCGA § 17-6-71. This Code section provides, in pertinent part:

> The judge shall, at the end of the court day, upon the failure of the principal to appear, forfeit the bond and order an execution hearing not sooner than 120 days but not later than 150 days after such failure to appear. Notice of the execution hearing shall be served within ten days of such failure to appear by certified mail or statutory overnight delivery to the surety at the address listed on the bond or by personal service to the surety within ten days of such failure to appear at its home office or to its designated registered agent. Service shall be considered complete upon the mailing of such certified notice.

OCGA § 17-6-71 (a).

Here, Classic City was not served until 12 days after the principal's failure to appear. It claims that the word "shall," as used in the statute, makes it mandatory that the State serve notice of the hearing within ten days.

We disagree. In *AAA Bonding Co. v. State of Ga.*, 192 Ga. App. 684 (386 SE2d 50) (1989), this Court held that substantial compliance with the statutory requirements was sufficient. Nevertheless, Classic City argues that *AAA Bonding* is not applicable because it was decided under a previous version of the statute which required the State to serve notice of the hearing within seventy-two hours of the principal's failure to appear, not within ten days. But, the analysis in *AAA Bonding* still applies. In that case, we noted that OCGA § 1-3-1 (c) provides that "[a] substantial compliance with any statutory requirement, *especially on the part of public officers*, shall be deemed and held sufficient, and no proceeding shall be declared void for want of such compliance, unless expressly so provided by law." Id. at 685 (2). And, "[t]he failure to perfect service within 72 hours is not one of the conditions listed in OCGA § 17-6-72 as precluding forfeiture or remission of forfeiture; nor does any language in OCGA § 17-6-71 itself expressly address the failure to comply with the 72-hour provision or bar forfeiture in the event of less than strict compliance." Id. The Court goes on to state that if the General Assembly had intended strict compliance with the notice provision to be a condition precedent to forfeiture, this should have been expressed in the statute. Id.

Accordingly, when the legislature subsequently amended this statute in 1989, see Ga. L. 1989, pp. 556-560, it was presumed to do so with full knowledge of the existing law and with reference to it. *Abend v. Klaudt*, 243 Ga. App. 271, 275 (531 SE2d 722) (2000). The legislature did not address failure to comply with the notice provision or bar forfeiture in the event of less than strict compliance. Had the legislature wished to change the law and make strict compliance with the ten-day notice requirement a condition precedent to forfeiture, we presume it would have done so.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED JULY 16, 2002

*McArthur & McArthur, John J. McArthur*, for appellant.

*Kenneth W. Mauldin, District Attorney, Phillip C. Griffeth, Assistant District Attorney, Thurbert E. Baker, Attorney General*, for appellee.