## A08A0551. TROUP BONDING COMPANY, INC. v. STATE OF GEORGIA.
(663 SE2d 734)

SMITH, Presiding Judge.

Troup Bonding Company, Inc. appeals from the trial court's order of forfeiture of its appearance bond. Because Troup Bonding

---

has failed to show any harm, even if the State failed to comply with the notice provisions of OCGA § 17-6-71 (a), we affirm.

OCGA § 17-6-71 (a) provides:

> The judge shall, at the end of the court day, upon the failure of the principal to appear, forfeit the bond and order an execution hearing not sooner than 120 days but not later than 150 days after such failure to appear. Notice of the execution hearing shall be served within ten days of such failure to appear by certified mail or statutory overnight delivery to the surety at the address listed on the bond or by personal service to the surety within ten days of such failure to appear at its home office or to its designated registered agent. Service shall be considered complete upon the mailing of such certified notice.

The facts below are not in dispute. Troup Bonding bound itself as surety on an appearance bond for Gabriel Betancourt. Betancourt's case was set for trial in Troup County Superior Court for October 23, 2006, and he failed to appear. A bench warrant was issued on October 24, 2006. However, instead of immediately forfeiting the bond, setting an execution hearing, and notifying the principal as provided in the Code section, the trial court placed Betancourt's case on a "bench warrant calendar" for February 15, 2007.[1] After Betancourt failed to appear at this calendar call, an execution hearing was set for June 21, 2007, and notice of the hearing was sent to Troup Bonding on February 19, 2007. Troup Bonding appeared at the hearing; its sole contention was that the State had failed to give notice under OCGA § 17-6-71 (a). The bond was forfeited, and this appeal followed.

This case is controlled by our almost identical decision in *Griffin v. State of Ga.*, 194 Ga. App. 624 (391 SE2d 675) (1990). There, the original forfeiture of four appearance bonds was vacated and a new appearance date set, with notice given timely from the new appearance date.[2] The bondsman appeared and objected to the renewed bond forfeiture procedures. We held:

> The triggering dates for the applicable statutory notice and hearing provisions were not limited to calculation from the

---

[1] The parties in their briefs indicate that it is customary to conduct a mass hearing on all bond forfeitures at the beginning of the next term of court.

[2] Here, as in *Griffin*, the bonds contained standard printed language requiring the defendant to appear at a date certain to answer the charge, "and from day to day and term to term thereafter." (Punctuation omitted.) Id. at 624.

date of a principal's *initial* time of required appearance and failure to appear. Rather, we interpret the statute as allowing initiation of the notice and hearing procedures after *any* time of required appearance and failure to appear thereat. In this regard, had the legislature intended that the statutory triggering dates for notice and hearing were to commence only from the *initial* date of required court appearance and failure to appear, this easily could have been expressed within the statute.

Moreover, appellant has failed to make a sufficient evidentiary showing of harm in the record resulting from the procedure employed by the State. To obtain reversal of the judgment, it is necessary not only to show error but injury. Thus, assuming error occurred in this instance, it was harmless.

(Citations and punctuation omitted.) Id. at 625 (2).

Here, as in *Griffin*, Troup Bonding did not demonstrate what, if any, harm resulted from the delay in the forfeiture hearing. At the brief hearing on the bond forfeiture Troup Bonding did not offer any evidence but simply stood on its contention that notice was not given in accordance with the statute. Under these circumstances, Troup Bonding has not demonstrated harmful error, and we must affirm. Id.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED MAY 29, 2008 —
RECONSIDERATION DENIED JUNE 17, 2008.

*Waldrop & Trite, Tracy T. Waldrop, Stephen J. Wasley*, for appellant.

*Peter J. Skandalakis, District Attorney, William D. Hocutt, Assistant District Attorney*, for appellee.