A08A2086. NORTHEAST ATLANTA SURETY COMPANY
v. PERDUE.
(668 SE2d 508)

BLACKBURN, Presiding Judge.

After its principal failed to appear in court for a scheduled trial calendar call, Northeast Atlanta Surety Company appeals from the trial court's order granting the State's motion for forfeiture of an appearance bond and denying Northeast Atlanta Surety's motion to dismiss the State's motion. Specifically, Northeast Atlanta Surety argues that the trial court erred in finding that the State substantially complied with the notice requirement under OCGA § 17-6-71 (a) and in ordering the forfeiture of the bond despite the harm caused by the State's delay in providing notice of the principal's failure to appear. Because we find that the State substantially complied with the statute and that Northeast Atlanta Surety has not shown harm, we affirm.

"This appeal presents a question of law, which we review de novo." (Punctuation omitted.) *Lokey v. Ga. Dept. of Driver Svcs.*[1] The undisputed record shows that the principal in this case (Jose Perales) was indicted on one count of trafficking in methamphetamine and

---

[1] *Lokey v. Ga. Dept. of Driver Svcs.*, 291 Ga. App. 856 (663 SE2d 283) (2008).

one count of trafficking in marijuana. Upon the principal's motion, the trial court granted a bond for $100,000, and the principal entered into an appearance bond for $110,200 with Northeast Atlanta Surety. On December 4, 2007, the principal failed to appear for a scheduled trial calendar call. Consequently, on December 19, 2007, the State submitted a motion for bond forfeiture, and the trial court issued a bench warrant for the principal's arrest. The trial court also scheduled a hearing on the State's motion for April 8, 2008. The State served its motion for bond forfeiture and the notice of the execution hearing on Northeast Atlanta Surety via certified mail on December 26, 2007. Northeast Atlanta Surety moved to dismiss the State's motion, arguing that the State had failed to substantially comply with the notice requirement under OCGA § 17-6-71 (a). After the April 8, 2008 hearing, the trial court denied Northeast Atlanta Surety's motion and ordered the bond forfeited. This appeal followed.

1. Northeast Atlanta Surety contends that the trial court erred in denying its motion to dismiss the State's motion for bond forfeiture, arguing that the State did not substantially comply with OCGA § 17-6-71 (a) when it did not submit its written motion for bond forfeiture or serve notice of the execution hearing within ten days of the principal's failure to appear. We disagree.

OCGA § 17-6-71 (a) provides:

> The judge shall, at the end of the court day, upon the failure of the principal to appear, forfeit the bond and order an execution hearing not sooner than 120 days but not later than 150 days after such failure to appear. Notice of the execution hearing shall be served within ten days of such failure by certified mail or statutory overnight delivery to the surety at the address listed on the bond or by personal service to the surety within ten days of such failure to appear at its home office or to its designated registered agent. Service shall be considered complete upon the mailing of such certified notice.

In *Classic City Bonding Co. v. State of Ga.*,[2] this Court held that the notice requirement under OCGA § 17-6-71 (a) was not mandatory but could be satisfied by the State's substantial compliance. See also *AAA Bonding Co. v. State of Ga.*[3] (holding that previous version of OCGA § 17-6-71 with 72-hour notice provision required only substantial compliance). We further concluded that service of the

---

[2] *Classic City Bonding Co. v. State of Ga.*, 256 Ga. App. 577, 578 (568 SE2d 834) (2002).

[3] *AAA Bonding Co. v. State of Ga.*, 192 Ga. App. 684, 685 (2) (386 SE2d 50) (1989).

notice of an execution hearing on the bond forfeiture upon the bonding company 12 days after the principal's failure to appear constituted substantial compliance with that statute and therefore affirmed the bond forfeiture in that case. Id.

Here, the State did not submit a written motion for bond forfeiture to the trial court until 15 days after the principal failed to appear and did not serve Northeast Atlanta Surety with its motion or notice of the execution hearing until 22 days after the principal's failure. Northeast Atlanta Surety asserts that this delay demonstrates that the State did not substantially comply with OCGA § 17-6-71 (a) as a matter of law. The length of the delay here in serving Northeast Atlanta Surety with the notice of the execution hearing casts the State in a poor light and should certainly be avoided. However, given the difference of only ten days between the delay in this matter and the delay countenanced in *Classic City Bonding*, we find that the State substantially complied with the notice requirement under OCGA § 17-6-71 (a). See id. Accordingly, the trial court did not err in denying Northeast Atlanta Surety's motion to dismiss the State's motion for bond forfeiture.

2. Northeast Atlanta Surety contends that the trial court erred in ordering the forfeiture of the bond despite the State's delay in providing notice of the principal's failure to appear, arguing that this delay caused it harm. We disagree.

"To obtain reversal of the judgment, it is necessary not only to show error but injury." (Punctuation omitted.) *Griffin v. State of Ga.*[4] Here, Northeast Atlanta Surety has failed to make a sufficient evidentiary showing of harm in the record resulting from the State's delay in submitting its motion for bond forfeiture or in serving its motion. In fact, at the execution hearing, Northeast Atlanta Surety did not offer any specific evidence of harm but instead argued only that notice was not given in accordance with OCGA § 17-6-71 (a). "Under these circumstances, [Northeast Atlanta Surety] has not demonstrated harmful error, and we must affirm." *Troup Bonding Co. v. State of Ga.*[5]

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED OCTOBER 10, 2008 — ▮

*Louis T. Cain, Jr.*, for appellant.

---

[4] *Griffin v. State of Ga.*, 194 Ga. App. 624, 625 (2) (391 SE2d 675) (1990).
[5] *Troup Bonding Co. v. State of Ga.*, 292 Ga. App. 5, 7 (663 SE2d 734) (2008).

*Daniel J. Porter, District Attorney, Keith R. Miles, Assistant District Attorney*, for appellee.