A10A1579. A.A. PROFESSIONAL BAIL v. PERDUE.
(701 SE2d 542)

BARNES, Presiding Judge.

A.A. Professional Bail (A.A.) appeals the trial court's order granting the State's motion for bond forfeiture in this case. Because the surety was not served notice of the execution hearing within ten days of the principal's failure to appear, as required by the 2009 amendments to OCGA § 17-6-71, we reverse.

---

In April 2009, A.A. posted an $11,200 bail bond guaranteeing the principal's appearance in court. The principal failed to appear for arraignment on July 14, 2009, so the trial court issued a bench warrant, which was filed on August 4, 2009. Also on August 4, 2009, the State filed a Motion for Bond Forfeiture and the clerk of court served notice of a hearing on the motion to A.A. by certified mail. After the hearing, the trial court granted the motion over A.A.'s objection, finding that although A.A. was not served with notice of the bond forfeiture hearing until 21 days after the principal's failure to appear, the State had "substantially complied with the notice requirements" of OCGA § 17-6-71 governing bond forfeitures. The court also found that A.A. had failed to show harm resulting from the State's delay in notifying it of the principal's failure to appear.

A.A. argues on appeal that the legislature amended OCGA § 17-6-71 in 2009, making compliance with the ten-day notice provision mandatory and explicitly removing the requirement that the surety show harm from a delay in obtaining notice before obtaining relief from payment of the bond. The State did not submit a responsive brief.

1. OCGA § 17-6-70 (a) provides that "[a] bond forfeiture occurs at the end of the court day upon the failure of appearance of a principal of any bond or recognizance given for the appearance of that person." Under OCGA § 17-6-71 (a), the trial court may forfeit the bond and order an execution hearing after the principal's failure to appear. The statute directs the clerk of court to serve notice of the hearing to the surety by certified mail within ten days of the principal's failure to appear. We have previously held that the ten-day notice requirement could be satisfied by the State's "substantial compliance." *Northeast Atlanta Surety Co. v. Perdue*, 294 Ga. App. 32 (668 SE2d 508) (2008) (sufficient notice given 22 days after failure to appear); *Classic City Bonding Co. v. State of Ga.*, 256 Ga. App. 577, 578 (568 SE2d 834) (2002) (sufficient notice given 12 days after failure to appear); *AAA Bonding Co. v. State of Ga.*, 192 Ga. App. 684, 685 (2) (386 SE2d 50) (1989) (statute then required notice within 72 hours of failure to appear; notice sent five days after failure was sufficient). In 2009, however, the legislature amended OCGA § 17-6-71 (a) to add that "[s]uch ten-day notice shall be adhered to strictly."

We presume "that the legislature knows and enacts statutes with reference to the existing law." *Hughes v. Ga. Dept. of Corrections*, 267 Ga. App. 440, 442 (1) (600 SE2d 383) (2004); see also *State v. Tiraboschi*, 269 Ga. 812, 814 (504 SE2d 689) (1998). We also presume that the legislature intended to make a change to the pre-existing substantive law when it adds sentences to a statute, and our duty is "to construe a statute so as not to render it meaningless."

*Powell v. Studstill*, 264 Ga. 109, 113 (3) (b) (441 SE2d 52) (1994). Thus, by adding this language to OCGA § 17-6-71 (a), we conclude that the legislature intended to change the existing substantive law to require the State to comply strictly with the statute's ten-day notice requirement before a bond can be forfeited for the principal's failure to appear. Accordingly, the trial court erred in finding sufficient the State's notice to A.A. sent 21 days after its principal failed to appear.

2. Further, the trial court erred in holding that the surety was not entitled to relief from forfeiture because it failed to show it was harmed by the State's failure to serve timely notice. While we have previously held the surety must show harm as well as failure to receive timely notice, *Troup Bonding Co. v. State of Ga.*, 292 Ga. App. 5 (663 SE2d 734) (2008), citing *Griffin v. State of Ga.*, 194 Ga. App. 624, 625 (2) (391 SE2d 675) (1990); *Northeast Atlanta Surety Co.,* supra, 294 Ga. App. at 34 (2), the 2009 amendment to OCGA § 17-6-71 (a) also superseded this requirement. The legislature added the following language to the statute: "If notice of the execution hearing is not served as specified in this subsection, the surety *shall be relieved of liability* on the appearance bond." (Emphasis supplied.) Because we presume the legislature intended to effect a change by adding this sentence to the statute, we conclude that the surety need not show harm from the notice violation before obtaining relief from liability. Accordingly, the trial court erred in finding that A.A. was not entitled to relief because it failed to show it was harmed by the late notification.

*Judgment reversed. Senior Appellate Judge G. Alan Blackburn and Senior Appellate Judge Marion T. Pope, Jr., concur.*

DECIDED SEPTEMBER 14, 2010.

*David B. Fife*, for appellant.
*Daniel J. Porter, District Attorney, James M. McDaniel, Assistant District Attorney*, for appellee.