A10A1899. DON JOHNSON BONDING COMPANY, INC.
v. STATE OF GEORGIA.
(709 SE2d 50)

PHIPPS, Presiding Judge.

Don Johnson Bonding Company, Inc. appeals from an order forfeiting its appearance bond. Specifically, Don Johnson Bonding contends that the trial court was required by OCGA § 17-6-71 (a) to serve notice of an execution hearing within ten days of the principal's initial failure to appear in court, and that the court's failure to strictly adhere to the ten-day notice requirement relieved Don Johnson Bonding of liability on the appearance bond. We agree and reverse.

OCGA § 17-6-71 (a) provides, in relevant part:

> The judge shall, at the end of the court day, upon the failure of the principal to appear, forfeit the bond and order an execution hearing not sooner than 120 days but not later than 150 days after such failure to appear. Notice of the execution hearing shall be served by the clerk of the court in which the bond forfeiture occurred within ten days of such failure to appear. . . . Such ten-day notice shall be adhered to strictly. If notice of the execution hearing is not served as specified in this subsection, the surety shall be relieved of liability on the appearance bond.

The following facts are not in dispute. Don Johnson Bonding bound itself as surety on an appearance bond for its principal. The principal failed to appear for trial on February 23, 2009, and a bench warrant was issued on that date.[1] The court did not immediately forfeit the bond and order an execution hearing as provided in OCGA § 17-6-71 (a). Instead, the court placed the case on a trial calendar for March 23, 2009. When the principal failed to appear in March, the court issued another bench warrant and, without forfeiting the bond

---

[1] Notably, Don Johnson Bonding states that the principal first failed to appear as scheduled on March 23, 2009.

and ordering an execution hearing, placed the case on an April 28, 2009 trial calendar. The principal failed to appear in April, and the court issued another bench warrant and set another trial date for May 26, 2009. This process (non-appearance/bench warrant/trial reset) was repeated in June 2009, August 2009, and September 2009. When the principal failed to appear for trial on October 26, 2009, the state filed a motion to forfeit bond. An execution hearing was set for March 25, 2010 and notice of the hearing was sent to Don Johnson Bonding on October 27, 2009. On March 25, 2010, following the hearing, the court entered a judgment of forfeiture against Don Johnson Bonding.

As shown above, when an appearance bond is forfeited for the failure of the principal to appear, OCGA § 17-6-71 (a) requires an execution hearing to be set and the surety to be served with notice of the hearing within ten days of the failure to appear. The last two sentences of OCGA § 17-6-71 (a), providing that such "ten-day notice shall be adhered to strictly," and that "[i]f notice of the execution hearing is not served as specified in this subsection, the surety shall be relieved of liability on the appearance bond," were added to the statute in 2009[2] and became effective May 5, 2009.[3]

> [T]he interpretation of a statute is a question of law, which is reviewed de novo on appeal. . . . Moreover, in all interpretations of statutes, the courts shall look diligently for the intention of the General Assembly. . . . And to determine the legislative intent of a statute, we begin with the literal text; where the literal text of a statute is plain and does not lead to absurd or impracticable consequences, we apply the statute as written without further inquiry. The language of a statute is given its most natural and obvious import, without resorting to forced or subtle interpretations to either expand or limit the statute's operation.[4]

Don Johnson Bonding contends that the court was required to forfeit the bond and order an execution hearing when the principal first failed to appear, which it states was March 23, 2009. Assuming arguendo that was the date on which the principal first failed to appear, that date precedes the effective date of the amendment to the statute and, under the previous version of the statute, strict compli-

---

[2] See Ga. L. 2009, p. 688, § 2.

[3] See OCGA § 17-6-71 (a) (showing effective date of May 5, 2009).

[4] *Morrell v. State*, 297 Ga. App. 592 (677 SE2d 771) (2009) (citations and punctuation omitted).

ance with the provisions of OCGA § 17-6-71 (a) was not required.[5]

However, strict compliance with the statute was required at the time the principal failed to appear on May 26, 2009. The clear meaning of the statute as amended effective May 5, 2009, is that upon a failure to send notice of the execution hearing within ten days of the failure of the principal to appear, the surety is released and discharged of any further obligation to ensure the appearance of the principal and of any further liability on the bond.[6] If the legislature had meant only to relieve the surety of its liability for a particular failure to appear rather than its "liability on the appearance bond" generally, it could have so provided.[7] The 2009 amendment works a complete discharge of a surety from its obligations and liabilities under an appearance bond whenever there is a failure to give timely notice of a forfeiture for the failure of the principal to appear, rather than a mere avoidance of a particular liability for a particular failure to appear.[8] Under the circumstances presented in this case, the court erred in granting the state's motion for bond forfeiture.[9]

*Judgment reversed. Miller, P. J., and McFadden, J., concur.*

DECIDED MARCH 30, 2011.

*Matthew A. Tucker*, for appellant.
*Fredric D. Bright, District Attorney, Keagan W. Goodrich, Assistant District Attorney*, for appellee.

---

[5] See, e.g., *Troup Bonding Co. v. State of Ga.*, 292 Ga. App. 5, 6-7 (663 SE2d 734) (2008) (decided prior to 2009 amendment; triggering dates for applicable statutory notice and hearing provisions were not limited to calculation from date of principal's initial time of required appearance and failure to appear; statute allowed initiation of notice and hearing procedures after any time of required appearance and failure to appear); *Griffin v. State of Ga.*, 194 Ga. App. 624, 625 (2) (391 SE2d 675) (1990) (same; noting, "had the legislature intended that the statutory triggering dates . . . commence only from the initial date of required court appearance and failure to appear, this easily could have been expressed in the statute").

[6] See *Northeast Atlanta Bonding v. State of Ga.*, 308 Ga. App. 573, 575 (1) (707 SE2d 921) (2011).

[7] Id.

[8] Id.

[9] See *A. A. Professional Bail v. Perdue*, 306 Ga. App. 72, 73 (1) (701 SE2d 542) (2010) (judgment of forfeiture reversed where surety was served with notice of execution hearing twenty-one days after principal's failure to appear in July 2009, given requirement of strict compliance with ten-day notice provision in OCGA § 17-6-71 (a) as amended effective May 2009).