## A11A2098. POWELL v. THE STATE.
### (722 SE2d 158)

MIKELL, Chief Judge.

Brenda C. Powell appeals the trial court's final judgment of forfeiture on a criminal appearance bond posted on behalf of Kenneth Dustin Grant. Because the trial court correctly concluded that Powell had not been relieved of liability as a surety on the bond, we affirm.

"A bond forfeiture occurs at the end of the court day upon the failure of appearance of a principal of any bond or recognizance given for the appearance of that person."[1] Under OCGA § 17-6-71 (a), the trial court "shall, at the end of the court day, upon the failure of the principal to appear, forfeit the bond and order an execution hearing not sooner than 120 days but not later than 150 days after such failure to appear." This Code section directs the clerk of court to serve notice of the execution hearing to the surety by certified mail within ten days of the principal's failure to appear. OCGA § 17-6-71 (a) also provides that "[s]uch ten-day notice shall be adhered to strictly. If notice of the execution hearing is not served as specified in this subsection, the surety shall be relieved of liability on the appearance bond." Thus, if notice of the execution hearing is not served within ten days of forfeiture of the bond by reason of the principal's failure to appear, "the surety is released and discharged of any further obligation to ensure the appearance of the principal and of any further liability on the bond."[2]

In the case before us, the record reflects that, in January 2009, Powell signed as surety on a $56,100 appearance bond for principal Grant,[3] posting her property as collateral. After Grant failed to appear in court for trial on September 20, 2010, the trial court issued a bench warrant and bond forfeiture. Notice of the execution hearing was served upon Powell by the clerk of the court by certified mail; and Powell stipulated that she received this notice on September 22, 2010, well within the ten-day statutory period. Due to a scrivener's error, however, the execution hearing was mistakenly set for January 13, 2011, a date only 115 days after Grant's failure to appear on September 20, 2010.

On January 13, 2011, Powell appeared in court with counsel and

---

[1] OCGA § 17-6-70 (a).

[2] *Don Johnson Bonding Co. v. State of Ga.*, 309 Ga. App. 6, 8 (709 SE2d 50) (2011), citing *Northeast Atlanta Bonding Co. v. State of Ga.*, 308 Ga. App. 573, 578 (1) (707 SE2d 921) (2011). Accord *A. A. Professional Bail v. Perdue*, 306 Ga. App. 72, 74 (1), (2) (701 SE2d 542) (2010) (where notice of forfeiture hearing on appearance bond was not given until 21 days after principal's failure to appear, notice was insufficient and surety was relieved from liability on bond).

[3] Powell is Grant's mother.

moved for the forfeiture to be dismissed, on the ground that the hearing had been set earlier than 120 days after Grant's failure to appear, in contravention of OCGA § 17-6-71 (a). Counsel for the state sought a continuance, explaining that the January 13 hearing date had resulted from an inadvertent miscalculation. Over Powell's objection, the trial court granted a continuance of the hearing until February 2, 2011, in order to comply with the 120-day minimum statutory period; and state's counsel immediately hand-delivered to Powell notice of the new execution hearing date. At the subsequent execution hearing held February 2, 2011, the trial court granted the bond forfeiture, again over Powell's objection. This appeal followed.

Powell contends that the first notice, which she received within the ten-day statutory period, did not comply with OCGA § 17-6-71 (a) because, though timely, it did not provide for an execution date within the time frame set forth in the statute; and she further contends that the second notice, which she received on January 13, 2011, was ineffective because not served upon her within the ten-day period following Grant's failure to appear on September 20, 2010. This argument is without merit.

It is true that the statute provides that the "ten-day notice shall be adhered to strictly."[4] In the case before us, it is undisputed that Powell received notice of the execution hearing within the statutory time period. Further, the execution hearing must take place within a window of 120 to 150 days after the principal's failure to appear.[5] It is undisputed that the execution hearing in this case took place within that window, on February 2, 2011. That the state sought and obtained a continuance from the originally-scheduled date for the execution hearing does not magically render the original notice invalid. And the original notice being valid, it is also not later invalidated by a subsequent notice of a new hearing date.

Powell's argument would lead to the absurd result that the state could never seek a continuance of an execution hearing, because notice of the new hearing date would not fall within the ten-day period after the principal's failure to appear and would therefore be invalid. This absurd result is not required by the language of the statute.[6] As this Court stated in another case interpreting OCGA § 17-6-71 (a),[7] "[w]e do not give an absurd construction to a statute."[8]

---

[4] OCGA § 17-6-71 (a).

[5] Id.

[6] *Don Johnson Bonding Co.*, supra at 7 ("where the literal text of a statute is plain and does not lead to absurd or impracticable consequences, we apply the statute as written without further inquiry") (footnote omitted).

[7] *Northeast Atlanta Bonding Co.*, supra.

[8] (Citation omitted.) Id. at 582 (2).

The trial court did not err in granting the bond forfeiture.
*Judgment affirmed. Dillard and Boggs, JJ., concur.*

DECIDED JANUARY 12, 2012.

*Fox, Chandler, Homans, Hicks & McKinnon, Theodore G. Cassert*, for appellant.
*Penny A. Penn, District Attorney, Sandra A. Partridge, Assistant District Attorney*, for appellee.