**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 21, 2017**

# In the Court of Appeals of Georgia

A17A0469, A17A0692. DON JOHNSON BONDIG CO. INC. v. STATE OF GEORGIA.

MCFADDEN, Presiding Judge.

Don Johnson Bonding Co. Inc. appeals from final judgments on two criminal appearance bond forfeitures. In both cases, Don Johnson Bonding, the surety on the bonds, relies on language in OCGA § 17-6-71 (a) that directs trial courts to sign orders forfeiting bonds on the same day that the defendant fails to appear in court. We disagree. Because that language is directory, we affirm.

In January 2015 Anthony Gil Gonzalez was arrested for disorderly conduct and simple battery. Don Johnson Bonding posted a bond to secure his appearance. On January 21, 2016, the trial court entered an order directing the sheriff to arrest Gonzalez as he had failed to appear in court on January 11, 2016. It also entered an

order forfeiting the bond and notifying Gonzalez and Don Johnson Bonding that it would conduct a hearing on June 27, 2016, on the issue of execution and final judgment on the forfeited bond. On July 7, 2016, the trial court entered final judgment forfeiting the bond.

In October 2015 Gonzalez was arrested for misdemeanor obstruction of an officer and disorderly conduct. Don Johnson Bonding again posted a bond to secure his appearance. On April 12, 2016, the trial court entered an order directing the sheriff to arrest Gonzalez as he had failed to appear in court on April 11, 2016. It also entered an order forfeiting the bond and notifying Gonzalez and Don Johnson Bonding that it would conduct a hearing on August 23, 2016, on the issue of execution and final judgment on the forfeited bond. On September 20, 2016, the trial court entered final judgment forfeiting the bond. Don Johnson Bonding appeals both orders of forfeiture.

At issue is OCGA § 17-6-71 (a), which provides:

The judge shall, at the end of the court day, upon the failure of the principal to appear, forfeit the bond, issue a bench warrant for the principal's arrest, and order an execution hearing not sooner than 120 days but not later than 150 days after such failure to appear. Notice of the execution hearing shall be served by the clerk of the court in which the bond forfeiture occurred within ten days of such failure to appear by

2

certified mail or by electronic means as provided in Code Section 17-6-50 to the surety at the address listed on the bond or by personal service to the surety within ten days of such failure to appear at its home office or to its designated registered agent. Service shall be considered complete upon the mailing of such certified notice. Such ten-day notice shall be adhered to strictly. If notice of the execution hearing is not served as specified in this subsection, the surety shall be relieved of liability on the appearance bond.

Don Johnson Bonding argues that the plain language of the first sentence of the statute required the trial court to enter the order of forfeiture on the same day that the defendant failed to appear. Thus, it argues, the January 21, 2016 order was 10 days too late and the April 12, 2016 order was one day too late.

Don Johnson Bonding concedes that in *Easy Out Bonding v. State*, 224 Ga. App. 706, 706-707 (1) (481 SE2d 834) (1997), we held that the "end of the court day" language is directory. But, it argues, since that case was decided, we have held that a 2009 amendment to the statute mandates strict compliance with the statute's time requirements. See *Northeast Atlanta Bonding Co. v. State*, 308 Ga. App. 573 (707 SE2d 921) (2011).

The 2009 amendment added the last two sentences to the statute, mandating strict compliance with the time requirements for giving notice to the surety of the

execution hearing on the forfeiture for the failure to appear. 2009 Ga. Laws 137 § 2 ("Such ten-day notice shall be adhered to strictly. If notice of the execution hearing is not served as specified in this subsection, the surety shall be relieved of liability on the appearance bond."). The amendment did not alter the first sentence of OCGA § 17-6-71 (a), in which the "end of the court day" language appears. See 2009 Ga. Laws 137 § 2. "The clear meaning of the statute as amended effective May 5, 2009, is that upon a failure to send notice of the execution hearing within ten days of the failure of the principal to appear, the surety is released and discharged of any further obligation to ensure the appearance of the principal and of any further liability on the bond." *Don Johnson Bonding Co. v. State*, 309 Ga. App. 6, 8 (709 SE2d 50) (2011) (citation omitted). See also *A.A. Professional Bail v. Perdue*, 306 Ga. App. 72 (701 SE2d 542) (2010).

So Division 1 of *Easy Out Bonding*, 224 Ga. App. at 706-707, in which we held that the "end of the court day" language is directory, was not superseded by the 2009 amendment to the statute. And the rationale of that division still holds true: "[l]ittle would be gained by requiring the court to quickly issue an order [of forfeiture], which may then be ignored until service to the parties ten days later [of notice of the execution hearing on the forfeiture]." Id. at 706 (1).

Don Johnson Bonding does not dispute that it was given timely notice of the execution hearings. Consequently, the trial court did not err by entering final judgment on the forfeiture of the bonds.

*Judgments affirmed. Branch and Bethel, JJ., concur*.