**FOURTH DIVISION**
**DOYLE, P. J.,**
**COOMER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**May 28, 2019**

# In the Court of Appeals of Georgia

A19A0413. ANYTIME BAIL BONDING, INC. v. THE STATE.     DO-013 C

DOYLE, Presiding Judge.

Anytime Bail Bonding, Inc. ("ABB"), appeals from an order granting the State's motion for forfeiture of an appearance bond insured by ABB. ABB argues that it is not liable for the bond forfeiture because the trial court failed to follow the requirements in OCGA § 17-6-71 (a). As the State concedes, the trial court did not provide ABB with the notice required under that Code section, so we reverse.

The relevant record is undisputed and shows that in August 2016 Marcell Veal was arrested and later indicted for possessing a controlled substance, possessing a firearm during the commission of a felony, and possessing a misdemeanor amount of marijuana. The trial court set an appearance bond amount of $34,400, which eventually was insured by ABB, and Veal was released subject to the bond. Veal's

arraignment was scheduled for October 10, 2017, but he did not appear. In light of possible confusion over his address, a second arraignment date was set for November 14, 2017. Veal did not appear at that arraignment, and thirteen days later, on November 27, 2017, the trial court issued a bench warrant for his arrest.

The next day, November 28, the State filed a motion to forfeit Veal's appearance bond, and the trial court entered an order forfeiting the bond and scheduling an execution hearing. It is undisputed that, at the earliest, notice of the forfeiture was mailed to ABB the same day, November 28.[1] ABB moved to dismiss the bond forfeiture proceedings, arguing that the trial court had failed to comply with the provision in OCGA § 17-6-71 (a) requiring the court to send notice of the execution hearing to the surety within ten days of the principal's failure to appear.

Following a hearing, the trial court entered an order denying ABB's motion, ruling that Veal's "failure to appear is not determined until the Court adjudicates it. In this case, [Veal's] failure to appear was adjudicated by the bench warrant on

---

[1] The trial court's order states that the notice was mailed on November 29. The record contains a certificate of service filed by the State on November 28. Service is considered complete upon mailing the notice by certified mail. See OCGA § 17-6-71 (a).

November 27, 2017." Based on this adjudicated date of Veal's failure to appear, the trial court ruled that the November 28 notice was timely. ABB now appeals.[2]

This case is controlled by the procedure required by OCGA § 17-6-71 (a):

The judge shall, at the end of the court day, upon the failure of the principal to appear, forfeit the bond, issue a bench warrant for the principal's arrest, and order an execution hearing not sooner than 120 days but not later than 150 days after such failure to appear. Notice of the execution hearing shall be served by the clerk of the court in which the bond forfeiture occurred within ten days of such failure to appear by certified mail or by electronic means as provided in Code Section 17-6-50 to the surety at the address listed on the bond or by personal service to the surety within ten days of such failure to appear at its home office or to its designated registered agent. Service shall be considered complete upon the mailing of such certified notice. *Such ten-day notice shall be adhered to strictly. If notice of the execution hearing is not served as specified in this subsection, the surety shall be relieved of liability on the appearance bond.*[3]

The emphasized language was added in 2009,[4] and since that time, our courts have noted its import: "[B]y adding this language to OCGA § 17-6-71 (a), . . . the

---

[2] ABB initially attempted to appeal from a non-final judgment, but the trial court has since issued a final ruling.

[3] (Emphasis supplied.)

[4] See Ga. L. 2009, p. 688, § 2.

3

legislature intended to change the existing substantive law to require the State to comply strictly with the statute's ten-day notice requirement before a bond can be forfeited for the principal's failure to appear."[5] "The clear meaning of the statute as amended . . . is that upon a failure to send notice of the execution hearing within ten days of the failure of the principal to appear, the surety is released and discharged of any further obligation to ensure the appearance of the principal and of any further liability on the bond."[6]

Here, pretermitting whether Veal's failure to appear at his October 10, 2017 arraignment was cured by the rescheduled arraignment on November 14, 2017, it is undisputed that Veal failed to appear at the November 14, 2017 arraignment. Thus, the statute directed the trial court to "at the end of the court day . . . forfeit the bond, issue a bench warrant for [Veal]'s arrest, and order an execution hearing. . . ."[7] Further, the statute required the court to notify ABB of the execution hearing within

---

[5] *A.A. Professsional Bail v. Perdue*, 306 Ga. App. 72, 74 (1) (701 SE2d 542) (2010).

[6] *Don Johnson Bonding Co. v. State*, 309 Ga. App. 6, 8 (709 SE2d 50) (2011).

[7] OCGA § 17-6-71 (a).

4

ten days of Veal's failure to appear, i.e., by Monday, November 27, 2017, which accounts for the intervening Thanksgiving holiday.[8]

It is undisputed that notice was not sent to ABB until November 28, 2017, at the earliest – one day after the expiration of the statutory deadline. The trial court's explanation that Veal's failure to appear was not legally cognizable until the court adjudicated him as having failed to appear ignores the plain language of the statute: the "ten-day notice shall be adhered to strictly."[9] If we were to hold otherwise, trial courts could wait until some indefinite time to formally adjudicate a defendant as having failed to appear, which would render meaningless the ten-day deadline required by OCGA § 17-6-71 (a). We decline to adopt such an interpretation.[10]

---

[8] We take judicial notice that ten days from November 14 would fall on Friday, November 24, which was a State holiday. See *Smith v. McTaggart*, 343 Ga. App. 144, 145 (806 SE2d 229) (2017) (taking judicial notice of state holidays); *Immel v. Immel*, 298 Ga. App. 424, 427 (680 SE2d 505) (2009) (same). See also Georgia Governor Nathan Deal, 2017 State Holidays, http://dor.georgia.gov/sites/dor.georgia.gov/files/related_files/document/2017StateHolidays.pdf (last accessed April 8, 2019); Blue Ridge Judicial Circuit, 2017 Calendar, https://www.cherokeega.com/Clerk-of-Courts/_resources/documents/2017%20Superior%20Court%20Calendar.pdf (last accessed April 8, 2019).

[9] OCGA § 17-6-71 (a).

[10] See *Mathis v. State*, 336 Ga. App. 257, 259 (784 SE2d 98) (2016) ("[W]e must construe statutes to give sensible and intelligent effect to all of their provisions and to refrain from any interpretation which renders any part of the statutes

Accordingly, the trial court erred by denying ABB's motion to dismiss the bond forfeiture proceedings and concluding that ABB was liable for the bond.

*Judgment reversed. Coomer and Markle, JJ., concur.*

---

meaningless.") (citation and punctuation omitted).