**THIRD DIVISION**
**DOYLE, P. J.,**
**HODGES and WATKINS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

May 13, 2024

# In the Court of Appeals of Georgia

A24A0438. CHANEY v. THE STATE.

DOYLE, Presiding Judge.

Following the denial of his amended motion for new trial, Michael Jerome Chaney appeals from his conviction in Monroe County, Georgia, for failure to maintain his lane, fleeing or attempting to elude police, trafficking in methamphetamine, and abandonment of drugs in a public place. He contends that the trial court erred by denying his pretrial motion to dismiss on speedy trial grounds, arguing that he was not tried within the applicable term of court as required by OCGA § 17-7-170 (b). This argument fails because the speedy trial deadline was tolled pursuant to the statewide judicial emergency declared during the COVID-19 pandemic. Accordingly, we affirm.

Construed in favor of the verdict,[1] the record shows that in May 2020, a Lamar County Sheriff's deputy was on patrol in a marked police cruiser and observed a vehicle traveling on the interstate and failing to maintain its lane. The deputy initiated a traffic stop, and the vehicle's driver, later determined to be Chaney, accelerated and failed to stop. The deputy pursued as Chaney weaved through interstate traffic, reaching speeds over 100 miles per hour. The deputy observed baggies of what he believed to be illegal drugs being tossed out of the fleeing vehicle's window, and eventually, the chase concluded when Chaney exited the interstate and was boxed into a parking lot in a residential area. Chaney was the sole occupant of the vehicle, and responding deputies were able to arrest Chaney without further incident. The deputy radioed Monroe County officers to describe where the suspected contraband was thrown out, and officers were later able to recover two baggies and one loose "rock" of methamphetamine from the location.[2] A search of the vehicle revealed digital scales, suspected methamphetamine residue in the carpet and in a paper bag, a glass

---

[1] See *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

[2] The methamphetamine content was confirmed by lab analysis.

pipe, and suspected marijuana in an insulated bottle. It is undisputed that the pursuit crossed from Lamar County and ended in Monroe County.

On March 8, 2021, Chaney was indicted in Lamar County with eight offenses stemming from these events: trafficking in methamphetamine, possession of marijuana with intent to distribute, fleeing or attempting to elude police, abandonment of drugs in a public place, possession of drug related objects, reckless driving, littering, and failure to maintain his lane. On August 6, 2021, Chaney filed a statutory and constitutional speedy trial demand in Lamar County.

On August 11, 2021, Chaney was indicted in Monroe County with some (but not all) of the same offenses: failure to maintain his lane, fleeing or attempting to elude police, trafficking in methamphetamine, possession of marijuana with intent to distribute,[3] and abandonment of drugs in a public place. On October 20, 2021, Chaney filed a statutory and constitutional speedy trial demand in Monroe County.

On March 10, 2022, a few days before the Monroe County trial, Chaney filed a motion to dismiss on speedy trial grounds, and the trial court denied the motion on

---

[3] The marijuana charge was not presented to the jury.

the first day of trial, after a short hearing.[4] The jury returned a guilty verdict and Chaney was sentenced as to failure to maintain his lane, fleeing or attempting to elude police, trafficking in methamphetamine, and abandonment of drugs in a public place. The Lamar County indictment was nolle prossed a few days later. Chaney moved for a new trial, asserting the general grounds, and later amended it to include his speedy trial claim. The trial court denied his amended motion, and Chaney now appeals.

Chaney contends that the trial court erred by denying his motion to dismiss because his Monroe County trial was not held within the next succeeding term as required by OCGA § 17-7-170.[5] Based on the tolling applicable during the state-wide judicial emergency declared by Chief Justice Harold Melton during the COVID-19 pandemic, we disagree.

---

[4] The trial court orally denied the motion at trial and entered its written order the day after the trial concluded.

[5] On appeal, Chaney makes no argument regarding the constitutional speedy trial claim he originally asserted in the trial court.

"The denial of a statutory speedy trial demand presents a question of law which this Court reviews de novo."[6] Speedy trial demands for non-capital offenses are governed by OCGA § 17-7-170, which provides, in relevant part:

> (a) Any defendant against whom a true bill of indictment . . . is filed . . . may enter a demand for speedy trial at the court term at which the indictment or accusation is filed or at the next succeeding regular court term thereafter. . . . The demand for speedy trial shall be binding only in the court in which the demand for speedy trial is filed, except where the case is transferred from one court to another without a request from the defendant.

> (b) If the defendant is not tried when the demand for speedy trial is made or at the next succeeding regular court term thereafter, provided that at both court terms there were juries impaneled and qualified to try the defendant, the defendant shall be absolutely discharged and acquitted of the offense charged in the indictment or accusation.

Here, as noted above, Chaney was indicted in Monroe County on August 11, 2021, shortly after the beginning of the August 2021 term of court.[7] Chaney filed his

---

[6] (Punctuation omitted.) *Uribe v. State*, 346 Ga. App. 264, 265 (1) (816 SE2d 113) (2018).

[7] See OCGA § 15-6-3 (40.1) (B) (C) (terms of court in Monroe County begin on the second Monday in February, May, August, and November; terms of court in Lamar County begin on the second Monday in March, June, September, and

speedy trial demand in Monroe County in October 2021, which was during the same term and therefore timely.[8] Accordingly, under ordinary circumstances, he would have to be tried before the end of the following term, i.e., the November 2021 term, which ran until the second Monday of February 2022. Chaney's trial was held in March 2022, so this would not be timely.

But 2021 was not an ordinary year. On March 14, 2020, Chief Justice Melton entered an order declaring a statewide judicial emergency due to the COVID-19 pandemic and tolled certain deadlines, including "any deadlines or other time schedules or filing requirements imposed by otherwise applicable statutes . . . including . . . [the] time within which to try a case for which a demand for speedy trial has been filed. . . ."[9] This order was extended several times until June 30, 2021, and on August 17, 2021, the Chief Judge of the Towaliga Circuit (which includes Lamar

---

December). The second Monday of August 2021, was August 9, 2021. See *Anytime Bail Bonding, Inc. v. State of Georgia*, 350 Ga. App. 288, 290, n. 8 (828 SE2d 662) (2019) (taking judicial notice of calendar days).

[8] See OCGA § 17-7-170 (a).

[9] Order Declaring Statewide Judicial Emergency (Mar. 14, 2020), available at https://www.gasupreme.us/wp-content/uploads/2020/03/CJ-Melton-amended-Statewide-Jud-Emergency-order.pdf.

and Monroe Counties), entered an order stating that "the time constraints to bring a case to trial imposed by [the speedy trial statute] will remain TOLLED in the Superior Courts within the Towaliga Judicial Circuit for the duration of this Order." That order's effective dates were from July 1, 2021, to January 2, 2022.[10]

Therefore, the time to bring a case to trial in Monroe County was effectively tolled from March 14, 2020, to January 2, 2022. As noted above, Chaney was indicted during this period, and his speedy trial demand was filed within this period. When the speedy trial deadline became active in Chaney's case, the superior court was operating in the November 2021 term of court, so the next term (beginning in February 2022) ran until the second Monday in May 2022. Chaney's March 2022 trial occurred before that deadline, so the trial court correctly ruled that his trial did not violate the two-term schedule set up by OCGA § 17-7-170.

Despite this, Chaney points to the fact that he was also indicted in Lamar County in March 2021, and he filed a timely speedy trial demand in August 2021. But again, both of these events occurred during the emergency tolling period, and the speedy trial deadlines did not apply to that proceeding. Further, the Lamar County

---

[10] Chaney does not challenge the authority or enforceability of the judicial emergency orders. See OCGA § 38-3-62.

indictment was nolle prossed after his Monroe conviction, and the two indictments for conduct occurring in each county do not amount to a transfer of his case that would implicate the applicability of the tolling process in this case.[11]

In sum, based on the tolling provisions of the applicable judicial emergency orders, Chaney's statutory speedy trial demand was met. Accordingly, we affirm the judgment of the trial court.

*Judgment affirmed. Hodges and Watkins, JJ., concur.*

---

[11] See OCGA § 17-7-170 ("The demand for speedy trial shall be binding only in the court in which the demand for speedy trial is filed, except where the case is transferred from one court to another without a request from the defendant.").